[No. G031613. Fourth Dist., Div. Three. May 24, 2004.]

ROBERT METCALF, Plaintiff and Respondent, v.
U-HAUL INTERNATIONAL, INC., Defendant and Appellant.

**COUNSEL**

Hill, Farrer & Burrill, Steven W. Bacon and James R. Evans, Jr., for Defendant and Appellant.

Bohm, Francis, Kegel & Aguilera and Craig A. Kegel for Plaintiff and Respondent.

**OPINION**

**SILLS, P. J.**—U-Haul International, Inc. (U-Haul) appeals from the order of the superior court denying its motion to strike under the anti-SLAPP (strategic lawsuit against public participation) statute. (Code Civ. Proc., § 425.16.) U-Haul contends the trial court erred in its determination that the complaint against it by Robert Metcalf did not arise out of an act in connection with an issue of public interest. We affirm.

### FACTS

Metcalf filed a complaint, "individually, on behalf of the Public, and on behalf of all others similarly situated," alleging that he rented a storage unit at the U-Haul storage facility in Tustin. The U-Haul employee represented that the unit he rented was four feet by five feet in size. Metcalf executed a rental contract, which also specified that the room size of the storage unit was four feet by five feet. Subsequently, Metcalf measured the storage unit and found it to be "significantly less than the 4' x 5' interior dimensions represented by U-Haul."

Metcalf alleged, "U-Haul advertises the size of its self-storage units through its website, on placards located in its individual self-storage facilities, on its customer contracts, through brochures distributed at each self-storage facility, and through uniform sales presentations given to the consumer." U-Haul knew it was engaged in a uniform practice of overstating the actual size of its units. "U-Haul's practice in this regard is fraudulent, constitutes an unfair business practice, and has caused consumers, nationwide, to suffer harm." Metcalf pleaded causes of action for unfair competition (Bus. & Prof.

Code, § 17200 et seq.), violation of the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.), fraud, and negligent misrepresentation. He also requested certification of a consumer class under Civil Code section 1781 and a permanent injunction against U-Haul's acts of unfair competition.

U-Haul filed an anti-SLAPP motion to strike, claiming that the complaint "presents itself as a matter of great public interest and import." The relief sought by Metcalf "will necessarily impact the ways in which the U-Haul defendants exercise their Constitutionally guaranteed right of expression to communicate with every member of the consuming public in this state, and throughout the nation as well." Metcalf filed a declaration in response to the motion, stating that he spoke to a U-Haul employee of the Tustin facility, both on the telephone and in person. He was told the size of the storage unit was four feet by five feet. His measurements revealed that the storage unit was actually three feet 10 inches by four feet three inches, "which equates to 18.3 % less volume than what was represented . . . ."

The trial court denied the motion to strike. "[T]his is [not] a situation where that first prong . . . has been met by the moving party. No matter how many people are involved, a storage unit is still just a place to store your junk or Grandma's antiques or something of that sort. It does not have that flavor of a matter of great public interest or urgency. [¶] . . . [¶] [I]f we were to reach that issue, I would also find that an adequate prima facie case for this stage of a lawsuit has been made. But far and away, the strongest point is this just isn't that kind of lawsuit or that kind of public issue that is identified in the SLAPP statute."

## DISCUSSION

The anti-SLAPP statute arose out of legislative concern that large private interest plaintiffs were using meritless tort actions to deter or punish individual activists who opposed their views. (*Jewett v. Capital One Bank* (2003) 113 Cal.App.4th 805, 810 [6 Cal.Rptr.3d 675]; *Commonwealth Energy Corporation v. Investor Data Exchange, Inc.* (2003) 110 Cal.App.4th 26, 31, fn. 2 [1 Cal.Rptr.3d 390].) "The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly." (Code Civ. Proc., § 425.16, subd. (a).)[1]

---

[1] All further statutory references are to the Code of Civil Procedure.

■ The statute provides that a cause of action arising from the exercise of the defendant's right of petition or free speech in connection with a public issue shall be subject to a special motion to strike, unless the plaintiff establishes a probability of prevailing on the claim. (§ 425.16, subd. (b)(1).) Thus, "[t]he consideration of anti-SLAPP motions is a two-step process." (*Commonwealth Energy Corporation v. Investor Data Exchange, Inc., supra,* 110 Cal.App.4th at p. 31.) First, a successful defendant must establish that the cause of action against him arises from his exercise of free speech in connection with a public issue, and then the plaintiff must fail to establish the probability that he will successfully defeat the plaintiff's claim. (Ibid.)

■ As the anti-SLAPP statute was put into practice, however, questions arose about whether advertising statements concerning commercial products could qualify as "free speech in connection with a public issue." (See *Nagel v. Twin Laboratories, Inc.* (2003) 109 Cal.App.4th 39, 46–51 [134 Cal.Rptr.2d 420]; compare *DuPont Merck Pharmaceutical Company v. Superior Court* (2000) 78 Cal.App.4th 562 [92 Cal.Rptr.2d 755] with *Consumer Justice Center v. Trimedica International, Inc.* (2003) 107 Cal.App.4th 595 [132 Cal.Rptr.2d 191].) To correct what it perceived as the "disturbing abuse of Section 425.16," the Legislature enacted section 425.17, effective January 1 of this year. The new statute makes the anti-SLAPP statute inapplicable to "any cause of action brought against a person primarily engaged in the business of selling or leasing goods or services . . . arising from any statement or conduct" if the statement or conduct (1) consists of a representation of fact about that person's or a competitor's business operation, goods, or services; (2) is made or engaged in to obtain commercial transactions in the person's goods or services, and (3) is directed to an actual or potential customer. (§ 425.17, subd. (c).)

U-Haul acknowledges that Metcalf's causes of action against it arise out of its statements in connection with commercial transactions; it concedes if section 425.17 applies to this case, it cannot be considered a SLAPP suit. But U-Haul argues section 425.17 does not affect this case because the statute should not be applied retroactively. We disagree.[2]

■ As a general rule, new statutes operate prospectively, not retrospectively, unless the Legislature has plainly indicated its intention to the contrary. (*Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1207–1208 [246 Cal.Rptr. 629, 753 P.2d 585].) No such legislative intent appears in section 425.17. If a newly enacted statute merely changes the procedures to be used in the conduct of existing litigation, however, its application is not considered

---

[2] At oral argument, the parties were asked to brief the question whether the new statute should apply to this case. U-Haul filed a letter brief, as requested, and the matter was submitted.

retrospective. "[W]hat is determinative is the effect that application of the statute would have on substantive rights and liabilities." (*Moore v. State Bd. of Control* (2003) 112 Cal.App.4th 371, 378 [5 Cal.Rptr.3d 116].)

In *Robertson v. Rodriguez* (1995) 36 Cal.App.4th 347 [42 Cal.Rptr.2d 464], the court held that section 425.16 was procedural and could be applied to an existing lawsuit filed before the effective date of the statute. (36 Cal.App.4th at p. 356.) Based on the reasoning in *Robertson*, the court in *Brenton v. Metabolife International, Inc.* (2004) 116 Cal.App.4th 679 [10 Cal.Rptr.3d 702] held that section 425.17 could also be applied to pending actions. "Section 425.17 does nothing more than amend section 425.16 to except certain claims from applicability of the statutorily conferred remedy of the screening mechanism provided by section 425.16; section 425.17 does not impose new, additional or different liabilities based on past conduct or deprive [the defendant] of any substantive defense to the action. Where, as here, the Legislature has conferred a remedy and withdraws it by amendment or repeal of the remedial statute, the new statutory scheme may be applied to pending actions without triggering retrospectivity concerns." (116 Cal.App.4th at pp. 689–690.)

■ U-Haul argues it is improper to apply the changes effected by section 425.17 here, because its motion to strike under section 425.16 had already been made, the trial court had already ruled, and the appeal had already been filed before the section's effective date. But the judgment of the trial court is not final until we dispose of the case. "[T]he fact that a party acted in an authorized manner at the time he or she invoked the former version of a procedural or remedial statute at trial is no impediment to the appellate court applying the current version of that procedural or remedial statute when evaluating the appeal from the trial court's ruling." (*Brenton v. Metabolife International, Inc., supra*, 116 Cal.App.4th at p. 691.)

U-Haul also claims the application of section 425.17 to the facts of this case violates the guarantees of equal protection under the state and federal Constitutions because it "selectively exempt[s] corporate defendants, whose commercial speech is protected by the First Amendment of the United States Constitution, who are sued in false advertising cases from the protections afforded by the anti-SLAPP statute." U-Haul argues this classification is not rationally related to a legitimate state interest. Again, we disagree.[3]

■ Section 425.17 does not create impermissible classifications among those who utter constitutionally protected speech. Rather, it creates classifications of litigants who can take advantage of the anti-SLAPP statute. In

---

[3] In its letter brief, U-Haul requested an opportunity to "further brief the equal protection issues" if we decide that section 425.17 applies to this case. We deny its request. U-Haul had an opportunity to bring matters it considered important to our attention in its letter brief.

*Brenton v. Metabolife, supra,* 116 Cal.App.4th 679, the defendant argued section 425.17 violated the First Amendment as an impermissible regulation of speech. The court rejected the argument, stating: "[The] statute does not purport to regulate, restrict, condition or penalize [the defendant's] ability as a speaker freely to engage in commercial speech; it merely regulates or restricts [the defendant's] ability as a litigant to seek dismissal of certain lawsuits at a particular stage of the litigation." (116 Cal.App.4th at p. 692.)

Equal protection " 'requires that those similarly situated not be treated differently unless the disparity is justified.' [Citations.]" (*Landau v. Superior Court* (1998) 81 Cal.App.4th 191, 207 [97 Cal.Rptr.2d 657].) Absent the involvement of a "suspect class," a legislative classification passes constitutional muster if it " ' " 'is "rationally related to a legitimate governmental purpose." Put another way, the classification must bear some fair relationship to a legitimate public purpose.' " ' " (*Id.* at p. 208, citations omitted.)

The Legislature enacted the anti-SLAPP statute to prevent powerful plaintiffs from chilling the rights of defendants to participate in "the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a).) When the Legislature observed that commercial defendants were invoking the procedural protections of the anti-SLAPP statute by claiming their advertising impacted the public interest, it found this to be a "disturbing abuse" of the statute. It enacted section 425.17 to correct the abuse, creating classifications of litigants that are rationally related to a legitimate public purpose.

Because we agree with the trial court that the complaint is not about a matter of public interest, we need not discuss its holding that Metcalf made an adequate showing of probable success.

## DISPOSITION

The order denying the motion to strike is affirmed. Metcalf is entitled to costs on appeal.

Rylaarsdam, J. , and Bedsworth, J., concurred.