Filed 7/16/13  Bander v. Balita Media CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JOEL BANDER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>BALITA MEDIA, INC., et al.,<br><br>    Defendants and Respondents. | B245031<br><br>(Los Angeles County<br>Super. Ct. No. BC483767) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Richard L. Fruin, Jr., Judge.  Reversed.

Joel Bander, in pro. per.; The Luti Law Firm and Anthony Luti for Plaintiff and Appellant.

Stocker & Lancaster and Michael J. Lancaster for Defendants and Respondents.

_____

Plaintiff and appellant Joel Bander (plaintiff) brought an invasion of privacy action against defendants and respondents Balita Media, Inc. (Balita), Anthony Allen, Luchie Mendoza Allen, and Rhony Laigo (collectively defendants) based upon articles published in defendants' news publications and/or news Web sites. Defendants responded by filing a special motion to strike the complaint pursuant to Code of Civil Procedure section 425.16,[1] California's anti-SLAPP[2] statute. Plaintiff opposed defendants' motion, arguing, inter alia, that the anti-SLAPP statute does not apply pursuant to section 425.17. The trial court granted defendants' motion, and plaintiff appeals.

Plaintiff established that, pursuant to section 425.17, subdivision (c), defendants were precluded from bringing an anti-SLAPP motion. The burden then shifted back to defendants to establish that section 425.17 did not apply. Because defendants did not satisfy their burden pursuant to section 425.17, subdivision (d)(2), we reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

*The parties*

Plaintiff is an attorney whose clientele is largely Filipino. He has also represented numerous Filipino-American newspapers and publishers. Currently, he participates in the operation of PinoyWatchDog.com, which is a competitor of Balita.

Balita is some sort of news publisher. It publishes news stories in Balita Weekend Newspaper and Balita.com. Balita's newspaper is directed to the Filipino community. In fact, it sells advertising in its newspaper and Web site. One of its advertisers is James G. Beirne (Beirne), an attorney who competes with plaintiff. Anthony Allen is Balita's

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]     SLAPP is an acronym for strategic lawsuit against public participation. (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 813, overruled in part on other grounds in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5 (*Equilon*).)

corporate secretary; Luchie Mendoza Allen is Balita's general manager and publisher; and Rhony Laigo is a news reporter and editor for Balita.

As is evident from the appellate record and the parties' appellate briefs, there is tremendous animosity between the parties.

*Plaintiff's complaint; defendants' motion to strike*

On May 3, 2012, plaintiff filed the instant action against defendants. His complaint alleges one cause of action: invasion of privacy—false light in the public eye. His claims are based upon four articles published in defendants' "various Filipino American newspapers appearing two times a week widely distributed for free at Filipino markets, business[es] and restaurants in and around Los Angeles and Orange County." The October 29, 2011, article is titled "800 Homeowners Claim They Were 'Duped' by Bander Law Firm" The November 9, 2011, article is titled "L.A. Sheriff's Dept. Conducts Criminal Probe on Joel Bander." The March 3, 2012, article is titled "Bander faces suspension." And, the March 7, 2012, article is titled "Bander Pleads No Contest." Each of these articles was published on the front page of a Balita publication and allegedly contains false and misleading information about plaintiff and his law practice.

In response, defendants served a special motion to strike the complaint pursuant to section 425.16. First, they argued that each claim in plaintiff's complaint arose from defendants' exercise of their right to free speech. Second, they asserted that plaintiff could not establish a probability of prevailing on his claims.

Plaintiff opposed defendants' motion. As is relevant to this appeal, he argued that defendants were barred from bringing an anti-SLAPP motion pursuant to section 425.17, subdivision (c). After all, defendants are in the business of selling advertising and the statements made in defendants' newspaper were about plaintiff's operations and services. Because plaintiff and defendants are competitors, and all of the speech at issue in this lawsuit was generated for business reasons and competition, defendants were not entitled to the protections of section 425.16.

Defendants filed a reply brief, but it is silent regarding plaintiff's arguments based upon section 425.17.

3

*Trial court order*

On August 21, 2012, the trial court provided the parties with a detailed written tentative ruling. That tentative order, however, did not address whether defendants' anti-SLAPP motion was barred by section 425.17.

After hearing oral argument, taking the matter under submission, and considering supplemental memoranda filed by the parties, the trial court granted defendants' motion.

Judgment was entered, and plaintiff's timely appeal ensued.

## DISCUSSION

I. *Standard of Review*

"We review the trial court's rulings on a SLAPP motion independently under a de novo standard of review. [Citation.]" (*Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 929.)

II. *The Anti-SLAPP Statute*

"A SLAPP is a civil lawsuit that is aimed at preventing citizens from exercising their political rights or punishing those who have done so." (*Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, 21 (*Simpson*).) "In 1992, out of concern over 'a disturbing increase' in these types of lawsuits, the Legislature enacted section 425.16, the anti-SLAPP statute." (*Ibid*.; see § 425.16, subd. (a).) Section 425.16, subdivision (b)(1) provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." The statute "posits . . . a two-step process for determining whether an action is a SLAPP." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88.) First, the defendant bringing the special motion to strike must make a prima facie showing that the anti-SLAPP statute applies to the claims that are the subject of the motion. (*Wilcox v. Superior Court*, *supra*, 27 Cal.App.4th at p. 819.) Once a moving defendant has met its burden, the motion will be granted (and the claims stricken) unless the court determines that the plaintiff has

4

established a probability of prevailing on the claim. (*DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562, 567–568.)

"In 2003, concerned about the 'disturbing abuse' of the anti-SLAPP statute, the Legislature enacted section 425.17 to exempt certain actions from it." (*Simpson*, *supra*, 49 Cal.4th at p. 21; see also *Northern Cal. Carpenters Regional Council v. Warmington Hercules Associates* (2004) 124 Cal.App.4th 296, 299.) Specifically, "[s]ection 425.16 does not apply to any cause of action brought against a person primarily engaged in the business of selling or leasing goods or services, including, but not limited to, insurance, securities, or financial instruments, arising from any statement or conduct by that person if both of the following conditions exist: [¶] (1) The statement or conduct consists of representations of fact about that person's or a business competitor's business operations, goods, or services, that is made for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services, or the statement or conduct was made in the course of delivering the person's goods or services. [¶] (2) The intended audience is an actual or potential buyer or customer, or a person likely to repeat the statement to, or otherwise influence, an actual or potential buyer or customer, . . ." (§ 425.17, subd. (c).)

Section 425.17, subdivision (c), exempts "from the anti-SLAPP law a cause of action arising from commercial speech when (1) the cause of action is against a person primarily engaged in the business of selling or leasing goods or services; (2) the cause of action arises from a statement or conduct by that person consisting of representations of fact about that person's or a business competitor's business operations, goods, or services; (3) the statement or conduct was made either for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services or in the course of delivering the person's goods or services; and (4) the intended audience for the statement or conduct meets the definition set forth in section 425.17(c)(2)." (*Simpson*, *supra*, 49 Cal.4th at p. 30.) This "commercial speech exemption" is a statutory exception to section 425.16, and plaintiff bears the burden of proving its applicability. (*Simpson*, *supra*, 49 Cal.4th at pp. 22, 26.)

5

Plaintiff met his burden in establishing that the section 425.17 exception applies and precludes defendants from bringing a motion to strike pursuant to section 425.16. Plaintiff's cause of action (invasion of privacy—false light) is against defendants, who are primarily engaged in the business of selling goods or services, such as advertisers, including plaintiff's nemesis, Beirne. Plaintiff's cause of action arises from statements made about plaintiff and his practice of law in the course of promoting plaintiff's competitors and in the course of delivering their publications. And, the intended audience is the same—members of the Filipino-American community.

Defendants do not dispute the foregoing. Instead, for the first time, on appeal, they direct us to subdivision (d)(2) of section 425.17 and assert in one paragraph of their 63-page brief, that section 425.17 does not apply. Just as plaintiff bore the burden of establishing that section 425.17 applied, once plaintiff satisfied his responsibility, the burden shifted to defendants to establish that the exception to the exemption did apply. (*Simpson*, *supra*, 49 Cal.4th at p. 23.) Given that defendants neglected to raise this argument below, we readily conclude that they did not meet their burden. Our analysis could stop here. (*Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga* (2009) 175 Cal.App.4th 1306, 1325, 1344.)

Even if we were to exercise our discretion and consider this argument, we would arrive at the same conclusion: Defendants did not establish that section 425.17, subdivision (d)(2), applies. That statute provides, in relevant part, that subdivision (c) of section 425.17 does not apply to "[a]ny action against any person or entity based upon the creation, dissemination, exhibition, advertisement, or other similar promotion of any dramatic, literary, musical, political, or artistic work . . . or an article published in a newspaper or magazine of general circulation." (§ 425.17, subd. (d)(2).) While defendants claim that there is no advertising involved and that plaintiff's action is based upon an article published in a newspaper or magazine of general circulation, they offer no evidence to support their assertion. There is no evidence that the Balita publications at issue are "newspaper[s] of general circulation," as that term is defined by Government

6

Code section 6000.[3]  There is no evidence, for example, of a bona fide subscription list of paying subscribers.  Nor do defendants offer any legal authority in support of their contention that Balita is a newspaper and a news Web site.  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)  It follows that defendants did not meet their burden.

During oral argument, the court raised this issue of lack of evidence with counsel.  Counsel for defendants replied that the complaint and plaintiff's declaration provided evidence that defendants' newspaper was a "newspaper of general circulation."  This argument is fatally flawed.  A complaint is not evidence.  (See, e.g., *Sheard v. Superior Court* (1974) 40 Cal.App.3d 207, 212; *Nagel v. Twin Laboratories, Inc.* (2003) 109 Cal.App.4th 39, 45.)  And, even if it were evidence, nothing in the complaint indicates that defendants' newspaper meets the statutory definition; at most, the paragraphs of the complaint cited by counsel allege that because "defendants' newspaper circulated in Filipino markets and restaurants, the publicity requirement is satisfied."  As for plaintiff's declaration, while it in large part repeats allegations of the complaint, again those allegations only refer to the "publicity requirement."  Nothing therein provides evidence that defendants' newspaper falls within the scope of the phrase "newspaper of general circulation."

---

[3]  Government Code section 6000 defines a "'newspaper of general circulation'" as "a newspaper published for the dissemination of local or telegraphic news and intelligence of a general character, which as a bona fide subscription list of paying subscribers, and has been established, printed and published at regular intervals in the State, county, or city where publication, notice by publication, or official advertising is to be given or made for at least one year preceding the date of the publication, notice or advertisement."

7

Finally, defendants' counsel also intonated at oral argument that *Barrett v. Rosenthal* (2006) 40 Cal.4th 33 holds that a newspaper on the World Wide Web constitutes a newspaper of general circulation; because defendants' newspaper is available on the Internet, then it must be a newspaper of general circulation. This was not argued in defendants' respondent's brief, presumably because that is not what *Barrett* holds. All *Barrett* holds is that "Web sites accessible to the public . . . are 'public forums' for purposes of the anti-SLAPP statute." (*Barrett*, *supra*, at p. 41, fn. 4.)

## DISPOSITION

The judgment is reversed. Plaintiff is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, Acting P. J.
ASHMANN-GERST

We concur:

_____, J.
CHAVEZ

_____, J.*
FERNS

---

*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.