[No. G024013. Fourth Dist., Div. Three. Jan. 25, 2000.]

DuPONT MERCK PHARMACEUTICAL COMPANY, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
MARC NEWMAN et al., Real Parties in Interest.

**COUNSEL**

Crowell & Moring, Randall L. Erickson, Donald E. Bradley, Deborah E. Colaner; Gray, Cary, Ware & Freidenrich, Shirli F. Weiss, Mary A. Lehman and Sharon B. Spivak for Petitioner.

No appearance for Respondent.

Kolodny & Pressman, Joel M. Pressman, Terry J. Hellenkamp, Ronald J. Mix; Zwerling, Schachter & Zwerling, Susan Salvetti, Joseph S. Tusa, Dan Drachler and Marvin Nachlis for Real Parties in Interest.

## OPINION

**RYLAARSDAM, J.**—The complaint in this class action suit alleges defendant made false statements before regulatory bodies, the medical profession, and to the public in connection with one of its pharmaceutical products. The trial court denied a motion to strike under the anti-SLAPP (strategic lawsuit against public participation) statute. (Code Civ. Proc., § 425.16; all further statutory references are to this code, unless otherwise indicated.) The court's decision was based on a determination that the allegations of the complaint did not fit the requirement of the statute that the causes of action arose from acts of defendant "in furtherance of [defendant's] right of petition or free speech under the United States or California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).)

Since we conclude the acts with which the complaint charges defendant qualify under the first step of the SLAPP analysis, we remand the case to the trial court to make a determination whether plaintiffs can establish a probability they will prevail. This latter determination cannot be based on allegations but must be based on evidence, and if it results in a judgment striking the complaint, should be supported by a statement of decision.

## FACTS

Plaintiffs' purported class action seeks damages on behalf of the purchasers of the drug Coumadin (generically, warfarin sodium), a prescription drug used to thin blood. The complaint alleges defendant, the manufacturer of Coumadin, artificially inflated the price of the drug by "disseminating false and omissive information concerning the use and effectiveness" of an equivalent generic product. The first amended complaint asserts causes of action under the California Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.) and the California Unfair Practices Act. (Bus. & Prof. Code, § 17500.)

The acts attributed to defendant upon which these causes of action are based consist of allegations defendant: (1) "took measures to prevent and/or delay Food and Drug Administration ('FDA') approval of warfarin sodium in a generic form, [(2)] published and disseminated false and misleading information to the public regarding the generic form of warfarin sodium, and [(3)] undertook aggressive lobbying and public relations efforts, involving the dissemination of false and misleading information, and increased its marketing efforts about Coumadin directed to doctors and other medical professionals." Plaintiffs further allege defendant: (4) "published and disseminated false and misleading information in, inter alia press releases,

Internet bulletins and public statements . . . and [(5)] initiated an effort to delay the introduction of a generic version of Coumadin by [filing] a petition with the FDA for the change in [the bioequivalence] standard." Plaintiffs further complain defendant (6) "sought legislation in at least 20 states that would increase the requirements for substitution of [the] generic version of warfarin sodium for Coumadin." Finally, they allege that defendant (7) "instituted an initiative to entrench doctor's prescribing habits . . . through the dissemination of false and misleading information about the proposed generic version of Coumadin."

Defendant demurred to the first amended complaint and, at the same time, filed a motion to strike under the anti-SLAPP suit statute. (§ 425.16.) The trial court overruled the demurrer and denied the motion.

Defendant then petitioned this court for a writ of mandate compelling the trial court to grant its motion to strike. Because section 425.16, subdivision (f) requires a motion under the statute to be filed within 60 days of serving the complaint, absent special permission by the court, and because the record supplied to us failed to demonstrate permission was sought or obtained, we denied the petition summarily. Defendant then petitioned the California Supreme Court for review. That court granted review and transferred the matter to this court with directions to vacate the order denying mandate, to issue an alternative writ, and to consider this matter in light of *Briggs v. Eden Council for Hope and Opportunity* (1999) 19 Cal.4th 1106 [81 Cal.Rptr.2d 471, 969 P.2d 564]. We interpreted the order of the Supreme Court to require us to consider the matter on the merits. We thereupon issued an alternative writ and established a further briefing schedule.

## DISCUSSION

### *Acts in Furtherance of Right of Petition or Free Speech?*

Section 425.16, subdivision (b)(1) provides for a motion to strike "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue . . . unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." We must therefore first consider whether the complaint alleges acts in furtherance of defendant's right of petition or free speech in connection with a public issue.

The seven acts or groups of acts alleged in the amended complaint which we list above may be summarized as falling into two categories: (1) lobbying

and other activities seeking to influence the decisions of regulatory and legislative bodies and (2) advertising, marketing, and public relations activities directed at the medical profession and the general public. The anti-SLAPP statute provides that the phrase " 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law." (§ 425.16, subd. (e)(1).) Defendant's lobbying and other activities seeking to influence the decisions of regulatory and legislative bodies fall within this definition. By failing to argue the contrary, plaintiffs concede this issue.

Plaintiffs argue the alleged advertising, marketing, and public relations activities do not fall within the protections of the First Amendment's right to freedom of speech. The first amended complaint alleges defendant's statements were false and misleading. Citing *Zauderer v. Office of Disciplinary Counsel* (1985) 471 U.S. 626, 637-638 [105 S.Ct. 2265, 2274-2275, 85 L.Ed.2d 652], and *Bill Johnson's Restaurants, Inc. v. NLRB* (1983) 461 U.S. 731, 743 [103 S.Ct. 2161, 2170, 76 L.Ed.2d 277], plaintiffs contend that false, deceptive, and misleading statements are not protected by the right of free speech. This may be true, at least as far as false advertising is concerned. However, in making this argument, plaintiffs are placing the cart before the horse. The allegation in the unverified complaint that the statements were false may or may not be true. Whether or not they were true should be considered in the second part of the analysis; whether there is a probability plaintiffs will prevail. In determining whether the alleged conduct is constitutionally protected it is sufficient to determine the conduct constituted speech protected by the First Amendment.

*Acts in Connection With a Public Issue?*

*Briggs v. Eden Council for Hope & Opportunity, supra*, 19 Cal.4th 1106 teaches there is no separate requirement that statements made in legislative, judicial, and similar fora or statements made in connection with issues pending before such fora involve a "public issue." The *Briggs* court stated: "Clauses (3) and (4) of section 425.16, subdivision (e), concerning statements made in public fora and 'other conduct' implicating speech or petition rights, include an express 'issue of public interest' limitation; clauses (1) and (2), concerning statements made before or in connection with issues under review by official proceedings, contain no such limitation." (*Briggs v. Eden Council for Hope & Opportunity, supra*, 19 Cal.4th at p. 1117.)

Therefore, to the extent the acts attributed to defendant constitute exercises of its right to petition under section 425.16, subdivision (e)(1), we need

not inquire whether the issue was "a public issue or an issue of public interest." Likewise, to the extent the statements attributed to defendant were made "in connection with an issue under consideration or review by a legislative [or similar] body" under section 425.16, subdivision (e)(2), no such inquiry is necessary.

On the other hand, to the extent the statements attributed to defendant were not made "in connection with an issue under consideration or review by a legislative [or similar] body" and may thus only be covered under section 425.16, subdivision (e)(3) and (4), an inquiry must be made whether the issue of the equivalence of Coumadin and its generic counterpart pertains to "a public issue or an issue of public interest." We find the answer to this question in the first amended complaint. Plaintiffs allege: "More than 1.8 million Americans have purchased Coumadin, an anti-coagulant medication, for the prevention and treatment of blood clots that can lead to life-threatening conditions such as stroke and pulmonary embolism." Both the number of persons allegedly affected and the seriousness of the conditions treated establish the issue as one of public interest.

We therefore conclude that the first prong of the anti-SLAPP statute has been satisfied. The causes of action are of the type described in section 425.16, subdivision (b)(1): "[C]ause[s] of action . . . arising from [acts] in furtherance of [defendant's] right of petition or free speech under the United States or California Constitution in connection with a public issue."

*A Probability Plaintiffs Would Prevail?*

Having determined the first prong of an analysis under the anti-SLAPP statute has been met, we next turn to the second prong: Did plaintiffs establish that there is a probability they will prevail on their claims? Plaintiffs' return makes two arguments with respect to this issue: (1) "Plaintiffs' *claims* are legally sufficient." (Italics added.) (2) Judges in three similar cases pending in other jurisdictions denied motions to dismiss or for summary judgment.

We deal with the second of these arguments first. Since plaintiffs have provided us with only a partial record of these out-of-state trial court decisions, and did not request we take judicial notice of them, we will not do so on our own motion. Furthermore, there is nothing in the record that permits us to accept plaintiffs' allegation these "lawsuits [were] brought on the same core of facts at issue in this matter." Finally, denial of motions to dismiss or motions for summary judgment under procedures which were not explained to us and which undoubtedly differ from the California Code of

Civil Procedure, hardly establish that plaintiffs will probably prevail in this case. We likewise decline plaintiffs' invitation to decide this case based on the decision of a Los Angeles Superior Court commissioner in another action, which according to plaintiffs, is "related" to the one before us.

Thus, we return to plaintiffs' contention that they established a probability of success by demonstrating their *claims* were legally sufficient. Plaintiffs' claims are contained in an unverified amended complaint. This amended complaint survived a demurrer; thus, plaintiffs' argument goes, they established a probability of success. In arguing they established such a probability, plaintiffs rely entirely on the allegations of their complaint. They claim *Briggs v. Eden Council for Hope & Opportunity, supra,* 19 Cal.4th 1106, "re-affirmed established precedent holding that plaintiffs who successfully defend the legal sufficiency of their claims in a proceeding such as a demurrer, have made the requisite showing under CCP § 425.16(b)(1) sufficient to defeat a special motion to strike." *Briggs* says no such thing. The case quotes from *Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 412 [58 Cal.Rptr.2d 875, 926 P.2d 1061], to the effect the trial court must " 'determine only if the plaintiff has stated *and substantiated* a legally sufficient claim.' " (*Briggs v. Eden Council for Hope & Opportunity, supra,* 19 Cal.4th at p. 1123, italics added.)

In overruling the demurrer, the trial court determined plaintiffs had stated a legally sufficient claim, an issue we are not here reviewing. However, in order to satisfy its burden under the second prong of the anti-SLAPP statute, it is not sufficient that plaintiffs' complaint survive a demurrer. Plaintiffs must also substantiate the legal sufficiency of their claim. It would defeat the obvious purposes of the anti-SLAPP statute if mere allegations in an unverified complaint would be sufficient to avoid an order to strike the complaint. Substantiation requires something more than that. Once the court determines the first prong of the statute has been met, a plaintiff must provide the court with sufficient evidence to permit the court to determine whether "there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

Since the trial court erroneously concluded the first prong of the anti-SLAPP statute had not been met, it never had an opportunity to consider whether there was a probability plaintiffs would prevail. We will therefore remand the case to the trial court to determine this issue.

## DISPOSITION

We hold the allegations of the amended complaint constitute claims described in section 425.16, subdivision (b)(1). We remand the matter to the

trial court to determine whether plaintiffs can establish there is a probability they will prevail on their claims. Let a writ of mandate issue ordering the trial court to vacate its order denying defendant's motion to strike the complaint under section 425.16, to receive additional evidence and conduct a further hearing or hearings to determine whether plaintiffs can establish there is a probability they will prevail on their claims and, thereafter, enter a new order granting or denying the motion to strike. Our stay order is vacated and the alternative writ is discharged. Each party shall bear its own costs incurred in connection with this writ proceeding.

Crosby, Acting P. J., and Bedsworth, J., concurred.

A petition for a rehearing was denied February 14, 2000, and the opinion was modified to read as printed above. Petitioner's application for review by the Supreme Court was denied April 12, 2000.