Filed 3/13/13  Sgromo v. Batt CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| PETER SGROMO et al., | B236555 |
| Cross-complainants and Appellants, | (Los Angeles County Super. Ct. No. BC433012) |
| v. | |
| WALTER BATT, | |
| Cross-defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, David L. Minning, Judge.  Affirmed.

Steven W. Kerekes and George Chakmakis for Cross-complainants and Appellants.

Anderson, McPharlin & Conners, David T. DiBiase, Thomas J. Kearney, and Jason W. Suh for Cross-defendant and Respondent.

This appeal was taken from an order granting a special motion to strike a second amended cross-complaint under Code of Civil Procedure section 425.16, the anti-SLAPP statute.[1] We conclude that even if appellants have shown there is a reasonable probability that they will prevail as to certain elements of their cross-claims, their failure to provide any evidence as to damages is fatal to their appeal. (See *Navellier v. Sletten* (2003) 106 Cal.App.4th 763, 775-776 (*Navellier*).)

## BACKGROUND

The dispute underlying the complaint began when defendant Peter Sgromo allegedly breached an oral partnership agreement with plaintiff James Parr. Sgromo allegedly had promised Parr 50 percent of the profits from the sales of 3D toys and products (products) that were designed and developed by Parr. Sgromo's company, Wide Eyes Marketing, Ltd., marketed the products through its confidential license and royalty agreements with two toy companies, Learning Curve Brands, Inc. (Learning Curve) and Imperial Toys, LLC (Imperial).

Claiming that Sgromo had wrongfully denied him his full share of the profits from the sales of the products, Parr filed a complaint against Sgromo, Wide Eyes Marketing, Learning Curve, and Imperial.[2] Parr's complaint alleged nine causes of action for: (1) breach of oral and implied contract against Sgromo and Imperial (first cause of

---

[1] SLAPP is the acronym for Strategic Litigation Against Public Participation. All further statutory references are to the Code of Civil Procedure.

Section 425.16, subdivision (b)(1) provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

[2] Both Imperial and Learning Curve have been dismissed from the action. Parr entered a dismissal with prejudice as to Learning Curve on February 2, 2011, and a dismissal without prejudice as to Imperial on January 4, 2012.

action); (2) breach of contract against Learning Curve (second cause of action); (3-5) common count against Sgromo (third cause of action), Learning Curve (fourth cause of action), and Imperial (fifth cause of action); (6) intentional interference with prospective economic advantage against Sgromo and Imperial (sixth cause of action); (7) negligent interference with business relations against Imperial (seventh cause of action); (8) unfair competition in violation of Business and Professions Code section 17200 against Sgromo, Imperial, and Learning Curve (eighth cause of action); and (9) breach of the implied covenant of good faith and fair dealing against Sgromo, Imperial, and Learning Curve (ninth cause of action).

The dispute underlying the cross-complaint began when Parr attached two confidential documents—Wide Eyes Marketing's confidential royalty agreement with Learning Curve (royalty agreement) and Wide Eyes Marketing's confidential draft license agreement with Imperial (license agreement)—as exhibits to his complaint. In the August 6, 2010 cross-complaint for breach of contract, intentional interference with prospective economic advantage, and intentional interference with contractual relations, cross-complainants Sgromo, Learning Curve, and Wide Eyes Marketing alleged that Parr had breached the nondisclosure clause in Wide Eyes Marketing's royalty agreement with Learning Curve, which Parr had signed as a party.

In the operative second amended cross-complaint, the two remaining cross-complainants (Sgromo and Wide Eyes Marketing) alleged claims for intentional interference with prospective economic advantage and intentional interference with contractual relations[3] against Parr and his attorney, Walter Batt, who was added as a cross-defendant. The second amended cross-complaint alleged that Parr and Batt "intentionally and wrongfully attached" the confidential exhibits to the complaint in order

---

[3]    Learning Curve was dismissed from the complaint on February 2, 2011, and its name does not appear on the second amended cross-complaint that was filed on May 9, 2011.

    The breach of contract cross-claim was eliminated by an order sustaining a demurrer without leave to amend.

to alert Imperial to the difference in royalty rates and disrupt its business relationship with Wide Eyes Marketing, which resulted in economic damages of over $89,000.

Batt filed a special motion to strike the second amended cross-complaint under the anti-SLAPP statute. As to the first prong of the anti-SLAPP analysis, Batt argued that because section 425.16 applies to statements made in connection with or in preparation of litigation (citing *Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 908), the act of filing the complaint and exhibits clearly constituted a protected litigation activity (citing *G.R. v. Intelligator* (2010) 185 Cal.App.4th 606, 616). As to the second prong of the anti-SLAPP analysis, Batt argued that Sgromo and Wide Eyes Marketing were incapable of prevailing on the merits of their cross-claims, because those claims were barred, as a matter of law, by the litigation privilege of Civil Code section 47: "A privileged publication or broadcast is one made: . . . [¶] (b) In any . . . (2) judicial proceeding . . . ."

On September 1, 2011, the trial court granted Batt's special motion to strike on the grounds that: (1) the cross-complaint's allegations arose from a litigation activity that is protected by the anti-SLAPP statute; and (2) Sgromo and Wide Eyes Marketing had failed to demonstrate a likelihood of prevailing on their cross-claims against Batt. This timely appeal followed.

## DISCUSSION

### I. Standard of Review

In deciding a special motion to strike, the superior court must engage in a two-step process. "First, the court decides whether the [cross-]defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving [cross-]defendant's burden is to demonstrate that the act or acts of which the [cross-complainant] complains were taken 'in furtherance of the [cross-]defendant's right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. [Citation.] If the court finds such a

4

showing has been made, it then determines whether the [cross-complainant] has demonstrated a probability of prevailing on the [cross-]claim. Under section 425.16, subdivision (b)(2), the trial court in making these determinations considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.'" (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) We review the superior court's ruling independently under the de novo standard of review. (*Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 929.)

In this case, Sgromo and Wide Eyes Marketing concede that their cross-complaint targets the type of petitioning activity that is protected by the anti-SLAPP statute, but argue they are likely to prevail on the merits because the litigation privilege does not apply to the voluntary breach of an express confidentiality agreement (*ITT Telecom Products Corp. v. Dooley* (1989) 214 Cal.App.3d 307, 317-320), or the unauthorized disclosure of a trade secret (Civ. Code, § 3426.11).

## II. Analysis

Assuming for the sake of argument that Sgromo and Wide Eyes Marketing have demonstrated that the litigation privilege does not bar their intentional interference claims, they have not explained why a reversal is warranted in the absence of any supporting evidence of damages. Damages are, of course, an essential element of both intentional interference with prospective economic advantage (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1153) and intentional interference with contractual relations (*Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1126). In support of their purported damages of over $89,000, Sgromo and Wide Eyes Marketing relied exclusively upon the unverified allegations of their second amended cross-complaint. Mere allegations, however, do not provide the evidentiary showing that is required under the second prong of the anti-SLAPP analysis. (*Navellier*, *supra*, 106 Cal.App.4th at pp. 775-776.)

5

In *Navellier*, the appellate court faced an analogous situation in which the first prong of the anti-SLAPP statute had been met, and the issue on appeal was whether the plaintiffs had established a probability of prevailing on their fraud or breach of contract claims as required by the second prong of the statute. In reversing the order denying the defendants' special motion to strike, the appellate court concluded that the plaintiffs had failed to establish a probability of prevailing on either claim. As to the fraud claim, the court held that it was barred by the litigation privilege. As to the breach of contract claim, the court held that although the litigation privilege did not apply, the plaintiffs had failed to provide any supporting evidence of damages. Because we find the court's analysis of the damages issue to be equally applicable here, we quote from the *Navellier* opinion at length:

"A fundamental problem with these various claims is that there is no evidence in the record of any damages from the breach of contract. Damages are, of course, a necessary element of the breach of contract cause of action (BAJI No. 10.85), and proof of that element is wholly lacking. Plaintiffs have taken the position that there was 'no requirement for [them] to come forward with evidence of damages' because defendant 'moved to strike solely on issues of law and did not contest or allege that there was no evidence of damages.' But where, as here, the motion to strike meets the 'arising from' prong of the anti-SLAPP test, the plaintiff must satisfy the second prong of the test and 'establish *evidentiary* support for [its] claim.' (*Wilson v. Parker, Covert & Chidester* [(2002)] 28 Cal.4th [811,] 821 (italics added); see also *Simmons v. Allstate Ins. Co.* [(2001)] 92 Cal.App.4th [1068,] 1073 ['a SLAPP motion, like a summary judgment motion . . . requires an evidentiary showing']; *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 655, disapproved on another point in *Equilon Enterprises v. Consumer Cause, Inc.* [(2002)] 29 Cal.4th [53,] 68, fn. 5 [claims must be supported 'by admissible evidence'].) That defendant raised legal issues in his motion did not relieve plaintiffs of their burden of presenting a sufficient 'showing of facts to sustain a favorable judgment' (*Wilson v. Parker, Covert & Chidester, supra,* at p. 821), and after plaintiffs'

opposition was filed defendant could properly point to the failure to meet that burden, regardless of any other theories he may have advanced in his original moving papers.

"The Supreme Court majority herein, in explaining that its decision would not 'unduly burden plaintiffs alleging breach of an agreement not to sue,' pointed out that such an action 'presumably would involve at a minimum the pleading and proof of the alleged agreement.' (*Navellier v. Sletten* [(2002)] 29 Cal.4th [82,] 94.) Plaintiffs did undertake that 'minimum' pleading and proof with respect to the release in this case. However, the majority went on to observe that a party in plaintiffs' position would need to substantiate its claims 'by appending the alleged agreement to an affidavit stating the facts upon which the defendant's liability is based' (*ibid.*), and plaintiffs presented no affidavit or other evidence stating facts with respect to their alleged damages.

"Plaintiffs contend, citing *DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562, that they should now be given an opportunity to produce the requisite evidence. However, this precedent supports defendant, not plaintiffs. The plaintiffs in *DuPont* were not granted leave to belatedly present evidence in opposition to an anti-SLAPP motion; they argued that they had established a probability of success because their complaint had survived a demurrer. The court rejected that argument, stating that: 'It would defeat the obvious purposes of the anti-SLAPP statute if mere allegations in an unverified complaint would be sufficient to avoid an order to strike the complaint. Substantiation requires something more than that. Once the court determines the first prong of the statute has been met, a plaintiff must provide the court with sufficient evidence to permit the court to determine whether "there is a probability that the plaintiff will prevail on the claim."' (*Id.* at p. 568.) Here, plaintiffs have presented nothing as to their damages on the breach of contract cause of action beyond the bare allegations of their unverified complaint—an insufficient showing to survive the motion to strike that cause of action. (*Ibid.*)" (*Navellier*, *supra*, 106 Cal.App.4th at pp. 775-776.)

We conclude that the above analysis is dispositive of this appeal. Like the plaintiffs in *Navellier*, cross-complainants provided no evidence or affidavits containing

7

facts with respect to their alleged damages.  In support of their purported damages of over $89,000, Sgromo and Wide Eyes Marketing relied solely on the unverified allegations of their second amended cross- complaint.  As the court in *Navellier* explained, such bare allegations are insufficient to avoid a special motion to strike.  (*Navellier*, *supra*, 106 Cal.App.4th at pp. 775-776.)  We therefore conclude that Sgromo and Wide Eyes Marketing are incapable of showing that, in the absence of the trial court's alleged errors, they would have defeated the motion to strike.

## DISPOSITION

The order granting the special motion to strike is affirmed.  Respondent Walter Batt is awarded his attorney fees and costs on appeal.[4]

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                        SUZUKAWA, J.

We concur:


WILLHITE, Acting P. J.


MANELLA, J.

---

**4**      Batt contends he is entitled to attorney fees for prevailing on appeal.  He is correct. (*Gene Thera, Inc. v. Troy & Gould Professional Corp.* (2009) 171 Cal.App.4th 901, 910.)