Filed 4/9/13  Millar v. Fogh CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| DARREN MILLAR et al., | B238022 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC462905) |
| v. | |
| CODY FOGH et al., | |
| Defendants and Appellants. | |

        APPEALS from an order of the Superior Court of Los Angeles County.  Daniel J. Buckley, Judge.  Reversed and remanded.

        Nemecek & Cole, Jonathan B. Cole, Mark Schaeffer, and Michael W. Feenberg for Defendants and Appellants Steven M. Rubin and The Rubin Law Corporation.

        Lewis Brisbois Bisgaard & Smith, Raul L. Martinez and Kenneth C. Feldman for Defendant and Appellant James H. Cordes.

        Law Office of Greg Ozhekim and Greg Ozhekim for Defendant and Appellant Cody Fogh.

        Parcells Law Firm, Dayton B. Parcells III; Lee Litigation and Lisa W. Lee for Plaintiffs and Respondents.

_____

This appeal involves a malicious prosecution claim. In the underlying case, defendant and appellant Cody Fogh (Fogh) sued his former employer and its executives, plaintiffs and respondents Los Angeles Film Schools, LLC doing business as the Los Angles Film School, Los Angeles Recording School, LLC, Darren Millar and Rita Sawyer (collectively the School), for six wage and hour violations, defamation and false light. After Fogh voluntarily dismissed his defamation and false light claims and prevailed at trial on his wage and hour claims, the School sued Fogh and his attorneys, defendants and appellants Steven M. Rubin and the Rubin Law Corporation (Rubin) and James H. Cordes (Cordes) (collectively defendants), for malicious prosecution based on the defamation and false light claims. Defendants separately filed special motions to strike under Code of Civil Procedure section 425.16, the "anti-SLAPP statute."[1] The trial court denied all three motions and defendants appeal this ruling.

We reverse. We conclude that the School has not shown a probability of prevailing on its malicious prosecution claim because the entire underlying case was not terminated in its favor.

## FACTUAL AND PROCEDURAL BACKGROUND

### Underlying Case

Fogh was an admissions representative at the School until he was fired on April 24, 2009. The next day he and four of his former coworkers consulted Rubin about filing wage and hour claims against the School. On May 28, 2009, Rubin, on behalf of Fogh, filed a complaint against the School alleging six wage and hour claims, plus wrongful termination, defamation and false light. The School filed a demurrer to the

---

[1]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

SLAPP is an acronym for strategic lawsuits against public participation. An order granting or denying a special motion to strike under section 425.16 is directly appealable. (§§ 425.16, subd. (i), 904.1, subd. (a)(13).)

defamation and false light claims, which was granted with leave to amend.  Fogh filed a first amended complaint (FAC) on February 24, 2010.

On March 16, 2010, Cordes associated in as cocounsel with Rubin.

In April 2010, the School filed a demurrer to the FAC, which was set for hearing on June 18, 2010.  Meanwhile, at Fogh's deposition on May 26, 2010, Cordes informed the School's attorney, Dayton B. Parcells III (Parcells), that Fogh was going to dismiss his defamation and false light claims.  Parcells responded, "So with respect to the demurrer we have pending, I can represent to the Court that that can be taken off calendar?"  Cordes responded affirmatively.

On June 2, 2010, Cordes filed a request for dismissal with prejudice of the defamation and false light claims (as well as the wrongful termination claim), and served it by mail on Parcells.  The dismissal was filed 16 days before the scheduled hearing on the demurrer and five days before the oppositions were due.  The record contains a copy of the request for dismissal, which shows that it was entered and filed by the court clerk on June 2, 2010.

In light of the dismissal, defendants did not file any oppositions to the demurrer or attend the hearing.  Parcells attended the demurrer hearing.  When the trial court stated that it had not received any opposition, Parcells responded that he had not received any either, and he made no reference to Cordes's representation that a request for dismissal would be filed.  The trial court stated that it was going to sustain the demurrer with leave to amend.  After Parcells emphasized three times that the demurrer was unopposed and stated that the trial date was approaching, the court changed its ruling to sustain without leave to amend.

The case proceeded to a bench trial on Fogh's six wage and hour claims.  The trial court granted judgment in favor of Fogh in the amount of $18,388 and awarded Fogh attorney fees and costs of approximately $100,000.[2]

---

**2** The School appealed this judgment.  Rubin and Cordes represented Fogh on appeal.  We affirmed the judgment (*Fogh v. Los Angeles Film Schools* (Dec. 18, 2012) B230920 [nonpub. opn.]).

3

**Malicious Prosecution Complaint**

On June 6, 2011, the School sued defendants for malicious prosecution for filing and prosecuting the defamation and false light claims. The School's complaint alleged that defendants' pleadings—original complaint, FAC and answers to interrogatories—all failed to state the dates of any oral or written defamatory material or the identity of any one to whom it was published; defendants failed to produce any defamatory publication in response to document requests; Fogh testified in his May 26, 2010, deposition that he spoke to his friend and coworker who had not heard any defamatory statements about him; and Fogh testified at trial on August 25, 2010, that his claims against defendant Rita Sawyer were "baseless." The School sought compensatory and punitive damages.

**Anti-SLAPP Motions and Supporting Evidence**

Defendants' anti-SLAPP motions argued that the School could not establish a probability of prevailing on its malicious prosecution claim because it could not meet each of the required elements. The attorney defendants also argued that the School's complaint was barred by section 340.6's one-year statute of limitations for actions against attorneys. And Fogh argued that he was entitled to rely on the advice of counsel defense.

Defendants each submitted a declaration and numerous exhibits. Their evidence showed that when Rubin first met with Fogh and some of Fogh's former coworkers,[3] Rubin learned the following: On April 22, 2009, two days before Fogh was fired, two other admissions representatives were fired. In announcing the termination, plaintiffs Darren Millar and Rita Sawyer called a meeting of the entire admissions team and made known that these employees were being fired for engaging in improper internet use and extracting proprietary information for the apparent purpose of harming the School and sharing the information with competitor schools. This information was false. On the day

---

[3] These and other former coworkers of Fogh also became clients of Rubin and Cordes, and have pending wage and hour cases against the School. At least two of these cases also alleged claims for defamation and false light, and the School's demurrers to these claims, which were essentially identical to its demurrers in the underlying case, were overruled.

4

Fogh was fired, Rita Sawyer sent an e-mail to the entire admissions department, entitled "Where is Cody?" The e-mail stated that Cody was no longer employed for the "same policy infractions we saw earlier in the week." The allegations against Fogh were false and he believed they damaged his professional reputation. Almost none of the recipients of the e-mail participated in Fogh's termination and had no reason to know the circumstances of his leaving.

Defendants' evidence also established that prior to Fogh's deposition on May 26, 2010, Rubin, Cordes and Fogh made the strategic decision to dismiss Fogh's defamation, false light and wrongful termination claims because Fogh did not want the School to delve into his private life or attempt to interfere with his subsequent employment by conducting discovery with his new employer. Fogh wanted to avoid discovery pertaining to issues of mitigation, emotional distress, postwork activity and his personal reputation before and after publication of the alleged defamatory material. Dismissing these claims would not only protect Fogh's privacy, but would prevent any distraction from the wage and hour claims. At all times, defendants believed the defamation and false light claims were meritorious.

Defendants also produced additional trial testimony by Fogh, in which he stated that he believed he had good grounds for filing the underlying case.

**Opposition**

In opposing defendants' anti-SLAPP motions, the School also submitted declarations and numerous exhibits. Both Darren Millar and Rita Sawyer denied making any defamatory statements about Fogh. Parcells declared that he did not receive a copy of the request for dismissal until June 25, 2010, when he was served by defendants with a copy that did not show entry of dismissal. The School also produced Fogh's discovery responses, which made no mention or production of the "Where is Cody?" e-mail.

**Ruling**

After taking the matter under submission, the trial court sustained nearly all of defendants' objections to the School's declarations and denied all three anti-SLAPP

motions. The court found there were factual disputes as to whether the School could show a probability of prevailing on its malicious prosecution claim.

## DISCUSSION

### I. Standard of Review

There are two components to a motion to strike brought under section 425.16. (*City of Alhambra v. D'Ausilio* (2011) 193 Cal.App.4th 1301, 1306.) First, the party challenging the lawsuit has the burden to show that the cause of action arises from an act in furtherance of the right of petition or free speech as defined by section 425.16. (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 965; *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) If that showing is made, the burden shifts to the complaining party to demonstrate a probability of prevailing on the claim. (*Zamos v. Stroud, supra,* at p. 965; *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 76.) To satisfy this prong, the plaintiff "'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'" (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821; see also *DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562, 568 [to establish a probability of prevailing, a plaintiff must substantiate each element of the alleged cause of action through competent, admissible evidence].) We independently review the record to determine whether the asserted cause of action arises from the defendant's protected activity, and, if so, whether the plaintiff has shown a probability of prevailing. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3; *City of Alhambra v. D'Ausilio, supra,* 193 Cal.App.4th at p. 1306.)

### II. Issue on Appeal

It is well established, and the School concedes, that malicious prosecution claims fall with section 425.16 because they challenge a party's protected right to file and prosecute a lawsuit. (*Soukup v. Law Offices of Herbert Hafif, supra,* 39 Cal.4th at p. 291 ["The filing of lawsuits is an aspect of the First Amendment right of petition"]; *Jarrow Formulas, Inc. v. La Marche* (2003) 31 Cal.4th 728, 735 ["By definition, a malicious

6

prosecution suit alleges that the defendant committed a tort by filing a lawsuit"].) Because defendants therefore met their burden under the first prong, the issue on appeal is whether the School met its burden of producing sufficient evidence to demonstrate a probability of prevailing on its malicious prosecution claim.

## III. No Probability of Prevailing

"To establish a cause of action for malicious prosecution, a plaintiff must demonstrate that the prior action (1) was initiated by or at the direction of the defendant and legally terminated in the plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice." (*Siebel v. Mittlesteadt* (2007) 41 Cal.4th 735, 740 (*Siebel*).)  If the plaintiff cannot establish any one of these three elements, the malicious prosecution claim fails.  (*StaffPro, Inc. v. Elite Show Services, Inc*. (2006) 136 Cal.App.4th 1392, 1398 (*StaffPro*).)

Defendants contend the School cannot prevail on its malicious prosecution claim because the entire underlying case was not terminated in the School's favor.  We agree. "Favorable termination 'is an essential element of the tort of malicious prosecution, and it is strictly enforced.'"  (*StaffPro, supra*, 136 Cal.App.4th at p. 1400.)

"To determine whether a party has received a favorable termination, we consider "'the judgment as a whole in the prior action . . . ." [Citation.]'  [Citation.]  Victory following a trial on the merits is not required.  Rather, "'the termination must reflect the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit." [Citation.]'"  (*Siebel*, *supra,* 41 Cal.4th at p. 741.)  ""'The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused, . . .' [Citation.]  Thus, "[i]t is hornbook law that the plaintiff in a malicious prosecution action must plead and prove that the prior judicial proceeding of which he complains terminated in his favor." [Citation.]' [Citation.]"  (*Ibid.*)

It is undisputed that Fogh prevailed at trial on his six wage and hour claims. Because our Supreme Court has established the rule that "there must first be a favorable termination of the *entire* action," to maintain a malicious prosecution suit (*Crowley v.*

*Katleman* (1994) 8 Cal.4th 666, 686), the School cannot satisfy its burden of showing a favorable termination on the merits of the entire underlying action.

The School contends that it need not show that it prevailed on the entire underlying case. It argues that Fogh's six wage and hour claims involved facts and circumstances that occurred during his employment, while the defamation and false light claims involved facts and circumstances that occurred after he was fired. According to the School, the defamation and false light causes of action therefore may be severed from the other six causes of action on which Fogh prevailed. This severability argument has been rejected by our Supreme Court.

In *Crowley v. Katleman, supra*, 8 Cal.4th 666 (*Crowley*), our Supreme Court noted that the argument advanced by the School confuses the elements of favorable termination with probable cause. While a malicious prosecution suit may be maintained where only one of several claims in the prior action lacked probable cause, the issue of probable cause (i.e., did the defendant have a reasonable belief in the truth of the allegations) arises only after the judgment has been reached in the plaintiff's favor in the prior action as a whole. (*Crowley, supra,* at p. 686; *StaffPro, supra*, 136 Cal.App.4th at p. 1406 & fn. 14, quoting *Crowley* and noting that *Crowley* specifically addressed the evaluation of the favorable termination element of a malicious prosecution tort where the underlying lawsuit contained multiple causes of action; *Casa Herrera*, *Inc. v. Beydoun* (2004) 32 Cal.4th 336, 341 ["To determine 'whether there was a favorable termination,' we 'look at the judgment as a whole in the prior action . . . .'"].) As stated in *StaffPro*: "[T]he severability analysis implicit in [certain cases] is inapplicable to the favorable termination element of the malicious prosecution tort. . . . [F]or purposes of determining favorable termination, "'"[t]he court in the action for malicious prosecution will not make a separate investigation and retry each separate allegation without reference to the result of the previous suit *as a whole* . . . ."'" (*Crowley*, at p. 684, italics added.) Instead, "'consideration should be given to the judgment as a whole'" as it is "'the decree or judgment itself in the former action [that] is the criterion by which to determine who was the successful party in such proceeding.'" [Citation.] Thus, the severability analysis that

8

StaffPro urges us to apply in the instant case has been explicitly rejected by our Supreme Court, which requires instead that we look to the judgment in the underlying action "'as a whole.'" (*Crowley, supra*, 8 Cal.4th at pp. 684–685.)" (*StaffPro*, *supra,* 136 Cal.App.4th at pp. 1402–1403, fns. omitted.)

Neither of the two cases on which the School relies is persuasive. *Tabaz v. Cal Fed Finance* (1994) 27 Cal.App.4th 789 was decided prior to *Crowley*. And *Franklin Mint Co. v. Manatt, Phelps & Phillips, LLP* (2010) 184 Cal.App.4th 313, 333 dealt only with the probable cause element.

Because the School cannot meet the first element of showing that the entire underlying case was terminated in its favor, we need not address the remaining elements of the School's malicious prosecution action.

## DISPOSITION

The order denying the anti-SLAAP motions is reversed. The trial court is directed to enter a new order granting the motions. Defendants are entitled to recover their attorney fees and costs, including those on appeal, in an amount to be determined by the trial court on remand. (*Vergos v. McNeal* (2007) 146 Cal.App.4th 1387, 1405; *Seelig v. Infinity Broadcasting Corp.* (2002) 97 Cal.App.4th 798, 812–813; *Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499–1500.)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
                ASHMANN-GERST

We concur:


_____, P. J.
            BOREN


_____, J.
            CHAVEZ

9