Filed 3/1/22  SJO Investments v. Riedel CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SJO INVESTMENTS, LLC,<br><br>    Plaintiff, Cross-defendant and Appellant,<br><br>    v.<br><br>MICHAEL WAYNE RIEDEL et al.,<br><br>    Defendants, Cross-complainants and Respondents. | B311943<br><br>(Los Angeles County Super. Ct. No. YC073077) |

APPEAL from an order of the Superior Court of Los Angeles County.  Elden S. Fox, Judge.  Affirmed.

The Enochs Law Group, Jon Alan Enochs and Jeffrey D. Poindexter for Plaintiff, Cross-defendant, and Appellant.

Van Antwerp Law Firm and L. Walker Van Antwerp III for Defendants, Cross-complainants, and Respondents.

_____

Plaintiff, cross-defendant, and appellant SJO Investments, LLC, (SJO) challenges the trial court order denying its motion to strike portions of the first amended cross-complaint (FACC) filed against it by defendants, cross-complainants, and respondents Michael Wayne Riedel and Cheryl Jean Riedel[1] (the Riedels) pursuant to Code of Civil Procedure section 425.16,[2] California's anti-SLAPP statute.[3]  Because the challenged causes of action do not fall within the scope of the anti-SLAPP statute, we affirm the trial court's order.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Factual Background*

According to the FACC, the Riedels owned certain real property in Los Angeles.  At some point, they received a post card from SJO indicating that it "had all the resources to make the best offer in town.  Cheryl contacted them to make an appointment for a meeting."

On or about July 27, 2018, an SJO agent went to the Riedels' property "to give them a bid on their property."  He

---

[1]  Because respondents share the same last name, for ease we refer to them individually by their first names.  No disrespect is intended.

[2]  All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3]  SLAPP is an acronym for strategic lawsuit against public participation. (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 813, overruled in part on other grounds in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5.)

presented her with a contract for the sale and purchase of real estate (the contract). The contract provides, in part, that it would "become a binding contract when accepted by the [Riedels] and signed by both" SJO and the Riedels. It further provides that SJO would "place in escrow an earnest money deposit." Finally, the contract provides that time is of the essence.

Cheryl signed the contract, even though she was repeatedly told that she was only signing a bid agreement. The SJO agent assured her that the contract was not enforceable as "a binding contractual agreement until the opening of the escrow."

Later, SJO's agent met with Michael, inducing him "into signing all the documents with the terms that [SJO] preferred without any question."

SJO never provided escrow instructions to the Riedels, and it never deposited any monies into escrow.

*The Complaint*

When the Riedels did not go through with the sale of their property, SJO sued the Riedels for specific performance and filed and recorded a lis pendens on the property.

*The FACC*

A year after filing their answer to the complaint, the Riedels were granted leave to file a cross-complaint against SJO. On November 25, 2020, they filed their FACC, the operative pleading.

The FACC alleges nine causes of action: Intentional misrepresentation, negligent misrepresentation, concealment, financial elder abuse, conversion, intentional infliction of emotional distress, negligent infliction of emotional distress, unjust enrichment, and promissory estoppel. As is relevant to the issues raised in this appeal, the first three causes of action

3

stem from the factual allegations set forth above, namely SJO knew that Cheryl took the meeting with SJO so that the Riedels only could receive a bid on their property. But its agent defrauded the Riedels by misrepresenting that the document they were signing was an unenforceable bid, not an agreement for sale. They detrimentally relied upon this representation by signing what turned out to be a contract to sell their property. And, they have suffered damages as a result of SJO's fraud, including "harm and suffering," "unnecessary legal fees, and they have been deprived from their rights of marketing and selling their property when [SJO] filed lis pendens against their property since 2018, which caused tremendous hardship on them." The prayer for relief seeks, inter alia, compensatory damages, general damages, and punitive damages.

*SJO's Motion to Strike*

In response to the FACC, SJO filed an anti-SLAPP motion, challenging the first three causes of action pled in the FACC: intentional misrepresentation, negligent misrepresentation, and concealment. It argued that the challenged causes of action fail because they are based solely upon the filing and recordation of the lis pendens, both of which fall squarely within the scope of section 425.16. Moreover, because the fraud claims were based solely upon privileged activity under Civil Code section 47, subdivision (b), the Riedels could not show a probability of prevailing on their claims.

*The Riedels' Opposition*

The Riedels opposed the motion, contending that their claims were not based upon the filing of the lis pendens. Rather, "the true nature of [their] grievance lies in the intentional misrepresentations and fraudulent actions by the representative

4

of SJO. The lis pendens [was] merely the vehicle from which the fraud was exposed." Their alleged "hardships and monetary loss [were] due to the negligent misrepresentations by the representative of SJO, and the willful concealment of key parts of the [contractual] provisions at issue. If the representative of SJO had not misled [the Riedels] and had upheld the contractual specification agreed upon by all the parties, there would be no fraud."

Moreover, as demonstrated by the statements made in Cheryl and Michael's declarations, supporting the allegations set forth in the FACC, there was ample evidence to demonstrate a probability of prevailing on these three causes of action.

*Trial Court Order*

After summarizing the parties' arguments, the allegations of the FACC, and relevant law, the trial court found "that the fraud causes of action do not arise from the recording of the lis pendens. Rather they arise from SJO's purported misrepresentations and fraudulent actions, and thus do not fall under any of the categories under CCP §425.16(e). Further, [the Riedels] have alleged other damages."

Because SJO did not meet its burden of establishing that the Riedels' claims fell within the scope of the anti-SLAPP statute, the trial court declined to address whether they demonstrated a probability of prevailing on their claims.

*Appeal*

SJO's timely appeal ensued.

**DISCUSSION**

I. *Standard of review*

"We review the trial court's rulings on a SLAPP motion independently under a de novo standard of review. [Citation.]"

5

(*Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 929.)

II.  *The anti-SLAPP statute*

"A SLAPP is a civil lawsuit that is aimed at preventing citizens from exercising their political rights or punishing those who have done so."  (*Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, 21.)  "In 1992, out of concern over a 'disturbing increase' in these types of lawsuits, the Legislature enacted section 425.16, the anti-SLAPP statute."  (*Ibid.*; see § 425.16, subd. (a).)  Section 425.16, subdivision (b)(1), provides:  "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  An act "in furtherance of" the right to petition includes "any written or oral statement or writing made before a . . . judicial proceeding"; "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body . . . "; and any "conduct in furtherance of the exercise of the constitutional right of petition . . . ."  (§ 425.16, subd. (e)(1), (2), (4).)  The anti-SLAPP statute applies to cross-complaints as well as to complaints. (§ 425.16, subd. (h); *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 735, fn. 2.)

The statute "posits . . . a two-step process for determining whether an action is a SLAPP."  (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88.)  First, the defendant bringing the special motion to strike must make a prima facie showing that the anti-SLAPP

statute applies to the claims that are the subject of that motion. (*Wilcox v. Superior Court*, *supra*, 27 Cal.App.4th at p. 819.) In other words, the moving defendant must make a threshold showing that the challenged causes of action arise from protected activity, that is, by demonstrating that the acts underlying the plaintiff's complaint fit one of the categories spelled out in section 425.16, subdivision (e). (*Navellier v. Sletten*, *supra*, at p. 88.) "To determine whether defendant has met its burden we must look at the 'gravamen of the lawsuit.'" (*Rivera v. First DataBank, Inc.* (2010) 187 Cal.App.4th 709, 715.) "[I]t is the *principal thrust* or *gravamen* of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies [citation], and when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute." (*Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 188.)

Only once a moving defendant has met its burden will the motion be granted (and the claims stricken) unless the court determines that the plaintiff has established a probability of prevailing on the claim. (*DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562, 567–568.)

In order to establish a probability of prevailing, a plaintiff must *substantiate* each element of the alleged cause of action through competent, admissible evidence. (*DuPont Merck Pharmaceutical Co. v. Superior Court*, *supra*, 78 Cal.App.4th at p. 568; see also *Navellier v. Sletten, supra*, 29 Cal.4th at pp. 88–89 [reiterating that "'the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if

the evidence submitted by the plaintiff is credited"""].)  "This requirement has been interpreted to mean that (1) when the trial court examines the plaintiff's affidavits filed in support of the plaintiff's *second step* burden, the court must consider whether the plaintiff has presented sufficient evidence to establish a prima facie case on his causes of action, and (2) when the trial court considers the defendant's opposing affidavits, the court cannot weigh them against the plaintiff's affidavits, but must only decide whether the defendant's affidavits, as a matter of law, defeat the plaintiff's supporting evidence."  (*Schroeder v. Irvine City Council* (2002) 97 Cal.App.4th 174, 184.)  Only if the plaintiff fails to meet this burden should the motion be granted.  (*Mattel, Inc. v. Luce, Forward, Hamilton & Scripps* (2002) 99 Cal.App.4th 1179, 1188–1189.)

III.  *The trial court properly denied SJO's anti-SLAPP motion*

We agree with the trial court that the Riedels' claims against SJO do not trigger the anti-SLAPP statute.  They are suing SJO for fraud stemming from misrepresentations made by SJO's agent at a meeting.  According to the FACC and the supporting evidence, SJO's agent duped the Riedels into signing a contract for the sale of their property when at all times they believed they were merely signing an unenforceable bid from SJO to purchase their property.  The alleged wrongful acts are not protected activity, and the causes of action alleged against SJO do not arise out of protected activity.  Thus, SJO's alleged wrongful conduct does not fall within the scope of the anti-SLAPP statute.

Urging us to reverse, SJO argues that the Riedels' claims wrongfully arise out of SJO's filing of a lis pendens against their

8

property.[4]  After all, the Riedels' only damages are those arising from the filing of the lis pendens.  We are not convinced.  "'[T]he mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute.  [Citation.]  Moreover, that a cause of action arguably may have been "triggered" by protected activity does not entail that it is one arising from such.  [Citation.]  In the anti-SLAPP context, the critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity.'  [Citation.]" (*Episcopal Church Cases* (2009) 45 Cal.4th 467, 477.)

Here, the Riedels' claims against SJO are not based upon SJO's filing of the lis pendens.  Rather, their claims are based upon the wrongful conduct at the July 2018 meeting.  The filing

---

[4]  SJO correctly argues that a claim based upon the filing of a lis pendens falls squarely within the scope of the anti-SLAPP statute.  (*Salma v. Capon* (2008) 161 Cal.App.4th 1275, 1285; see also *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056.)  And in their respondents' brief, the Riedels agree that that portion of their damages stemming from the filing of the lis pendens is "problematic."  This concession seems to raise the question of whether part of the fraud claims are barred by the anti-SLAPP statute.  But, SJO's entire argument is set forth in a footnote in the conclusion of its reply brief, wherein it asks us to review *Baral v. Schnitt* (2016) 1 Cal.5th 376 "if the causes of action are deemed to arise from both protected and unprotected activity."  Because the issue is not sufficiently argued or briefed, we deem it forfeited.  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852; *Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764 [we do not consider arguments first raised in a reply brief].)

of the lis pendens merely brought to light the fraud that had been inflicted upon them. (*Episcopal Church Cases*, *supra*, 45 Cal.4th at p. 478 [the fact that protected activity may "lurk in the background" does not turn an unprotected dispute into a SLAPP suit].)

SJO's contention that the Riedels only allege damages stemming from the filing of the lis pendens is simply wrong. As set forth above, the FACC alleges harm and suffering[5] and seeks compensatory, general, and punitive damages. The fact that the Riedels may not be able to prove actionable damages[6] is not something we consider when conducting our analysis of "'prong one'" of the anti-SLAPP statute. (*MMM Holdings, Inc. v. Reich* (2018) 21 Cal.App.5th 167, 178.) Damages are an element of a fraud cause of action. (*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1239, fn. 4 [elements of negligent misrepresentation include damages]; *Anderson v. Deloitte & Touche* (1997) 56 Cal.App.4th 1468, 1474 [elements of actual fraud include damages].) Thus, in the context of an anti-SLAPP motion, whether the Riedels suffered damages is only a consideration if we need to conduct an analysis of "'prong two.'" (*MMM Holdings, Inc. v. Reich*, *supra*, at p. 178.)

Because we conclude that the Riedels' fraud claims do not fall within the scope of the anti-SLAPP statute, we need not

---

[5] If the Riedels did not allege damages with sufficient specificity, SJO could have filed a demurrer. (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.)

[6] We express no opinion on whether the Riedels are entitled to damages.

determine whether they demonstrated a probability of prevailing on the merits of their claims.  (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 80–81.)

## DISPOSITION

The order is affirmed.  The Riedels are entitled to attorney fees and costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT


11