Filed 10/6/20  Page v. Park CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| ELLIE PAGE, as Special Administrator, etc.,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PHOEBE PARK,<br><br>    Defendant and Appellant. | B293993<br><br>(Los Angeles County Super. Ct. No. BC679504) |

APPEAL from an order of the Superior Court of Los Angeles County.  Randolph M. Hammock, Judge.  Reversed and remanded with directions.

Law Offices of Steven L. Sugars and Steven L. Sugars for Defendant and Appellant.

James Ellis Arden for Plaintiff and Respondent.

_____

Defendant and appellant Phoebe Park (Phoebe)[1] challenges a trial court order denying her motion to strike plaintiff and respondent Carlos Duenas's (Duenas)[2] complaint pursuant to Code of Civil Procedure section 425.16,[3] California's anti-SLAPP statute.[4] Because Duenas failed to demonstrate a probability of prevailing on the merits of his claim against Phoebe, we reverse the trial court order as to Phoebe only with directions that the trial court enter a new order granting Phoebe's anti-SLAPP motion.

---

[1] Phoebe and her father, Hyun Park (Hyun), are both parties to the underlying litigation. Because Phoebe and Hyun (the Parks) share the same last name, we refer to them by their first names. No disrespect is intended.

[2] Duenas passed away on August 31, 2018. On January 13, 2020, we granted the motion to substitute the special administrator of the Estate of Carlos Alexander Duenas as the respondent in this case. For ease, we refer to the respondent as Duenas.

[3] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[4] SLAPP is an acronym for strategic lawsuit against public participation. (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 813, overruled in part on other grounds in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5.)

# FACTUAL AND PROCEDURAL BACKGROUND

*Duenas's sale of the property to Phoebe*

Per Duenas's complaint in this action, in 2009, he bought a two-story apartment building in Los Angeles. In 2014, he sold the building to Phoebe. At the time, Phoebe was advised that the building's six units were not "legal," that no certificate of occupancy had been issued, and that the building was subject to the rent control ordinance and needed to be registered with the rent stabilization division. Still, Phoebe bought the building "'AS IS.'" She waived, in writing, all of her rights regarding the condition of the property and her rights to inspect and investigate the property. She approved its physical condition "without further inspection" and closed escrow on May 14, 2014.

*Hyun's lawsuit against Duenas; default judgment against Duenas*

After Duenas sold the building to Phoebe, Hyun filed a complaint against Duenas, alleging that Duenas had fraudulently sold the building *to him* and that he suffered resultant damages. After filing a proof of service with the court, Hyun obtained Duenas's default and a default judgment was entered in favor of Hyun and against Duenas on April 16, 2015.

*Duenas learns of the default judgment and files the instant action*

Duenas contends that he was never served with a copy of Hyun's complaint. Rather, he did not learn of the default judgment until the end of August 2017, prompting him to file the instant action against the Parks to set aside the default judgment on the grounds of extrinsic fraud. As is relevant to the issues raised in this appeal, Duenas alleges that Hyun filed a proof of service of summons that falsely alleged that Duenas had been personally served with the summons and complaint in Hyun's action. Hyun also made false statements in connection with his

3

request for a default judgment. Duenas alleged: "The true facts are that . . . Duenas has never even seen the complaint that Hyun . . . filed against him; and that . . . Duenas was never served with the complaint." Furthermore, "[e]ven after filing the secret complaint and obtaining a secret judgment against . . . Duenas . . . , Hyun . . . continued to hide the judgment's existence."

Duenas further alleged that the default judgment obtained against him was procured by fraud and by denying him due process of law. Hyun "was never in privity with . . . Duenas and had no standing to sue. The documents involved in the transaction and signed by the buyer show every alleged claim of nondisclosure is false, that all the relevant records were furnished to the buyer [Phoebe], and that she waived all rights respecting the condition of the property. Hyun . . . submitted none of the true documents to the court, because they show his claims are fake."

Iolline Wallace (Wallace) was also named as a defendant in the instant action because she was the assignee of Hyun's default judgment against Duenas.

In his prayer for relief, Duenas sought a "decree vacating the default judgment entered [against him] on the ground that the judgment is void, and for an order setting the judgment aside."

*Wallace's anti-SLAPP motion*

On December 21, 2017, Wallace filed an anti-SLAPP motion, seeking to strike Duenas's complaint against her. Duenas opposed Wallace's motion, but did not submit any evidence in support of his claims.

4

The trial court granted Wallace's motion. In so ruling, the trial court noted that the only cause of action alleged was fraud, and "[t]he gist of this cause of action is not malicious prosecution, as [Wallace] argue[d] in the motion. The relief sought by the Complaint is for a decree vacating the default judgment entered in the first case . . . on the ground that the judgment is void due to lack of personal jurisdiction in that . . . Duenas was never served . . . and he never received notice of that lawsuit. . . . It is this default judgment against . . . Duenas which was assigned to . . . Wallace, which Wallace is attempting to enforce against Duenas." Thus, Duenas's claim against Wallace fell within the scope of the anti-SLAPP statute.

Because Wallace established that Duenas's complaint against her fell within the ambit of section 425.16, the burden shifted to Duenas to demonstrate a probability of prevailing on his fraud claim. But, Duenas "made the mistake of failing to submit *any evidence whatsoever* to demonstrate a probability of prevailing on the claims. To do so, [Duenas] simply needed to submit a declaration that he was never served with the summons and complaint in [Hyun's action against him], and never received notice of that lawsuit, such that the court did not acquire personal jurisdiction over [him in that action]. However, [Duenas] did not submit *any* evidence in his opposition."

The lawsuit remained pending against the Parks.

*The Parks' anti-SLAPP motion*

On July 9, 2018, the Parks filed their own anti-SLAPP motion in response to Duenas's complaint. Like Wallace, they argued that Duenas's claim was essentially a claim for malicious prosecution, and because "a cause of action for malicious prosecution necessarily arises out of protected activity," Duenas's

action fell within the scope of the anti-SLAPP statute. Furthermore, Duenas could not prevail on a claim for malicious prosecution because he had no evidence to support the elements of that cause of action.

In addition, the Parks contended that Duenas's claims against them failed pursuant to the doctrine of collateral estoppel. They argued: "Wallace filed an anti-SLAPP motion against Duenas and prevailed on the motion, having judgment entered in her favor. The issues raised by Duenas'[s] claims in this case were therefore fully litigated in the context of Wallace's anti-SLAPP motion and decided against Duenas. Under [the] principle[] of collateral estoppel, Duenas should now be precluded from relitigating the issues in this instant anti-SLAPP motion. Therefore, this motion should also be granted in favor of" the Parks.

*Duenas's opposition to the anti-SLAPP motion*

Duenas opposed the motion, conceding that his lawsuit against the Parks arose from protected activity, but contending that his declaration showed that he had a probability of success on the merits. After all: (1) He was never served with Hyun's summons and complaint; (2) He first learned of Hyun's action from his own attorney in September 2017; and (3) Had he been served with Hyun's complaint, he would then have contacted his attorney, who had been representing him in litigation since 2009.

He also disputed the Parks' characterization of his claim as one for malicious prosecution, noting that the trial court rejected this argument when it granted Wallace's anti-SLAPP motion.

*Trial court order denying the Parks' anti-SLAPP motion*

After considering the parties' arguments and evidence, the trial court denied the Parks' anti-SLAPP motion. First, it found

6

that the "[f]irst and [o]nly cause of [a]ction" alleged in the complaint was fraud; Duenas was seeking to set aside a default judgment on the grounds of extrinsic fraud. In so finding, the trial court rejected the Parks' contention that the "'gravamen' of this cause of action" was "malicious prosecution." That said, Duenas's fraud cause of action arose out of protected activity, thereby falling within the scope of the anti-SLAPP statute. Accordingly, the burden shifted to Duenas to demonstrate a probability of prevailing on his fraud claim against the Parks. And, the trial court found that Duenas had demonstrated a probability of prevailing on the sole cause of action in the complaint (fraud) as pled against the Parks.

*Phoebe's appeal*

On November 19, 2018, Phoebe filed a notice of appeal from the trial court's order denying the Parks' special motion to strike. Hyun did not appeal the trial court's order.

## DISCUSSION

I. *Standard of review*

"We review the trial court's rulings on a SLAPP motion independently under a de novo standard of review. [Citation.]" (*Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 929.)

II. *The anti-SLAPP statute*

"A SLAPP is a civil lawsuit that is aimed at preventing citizens from exercising their political rights or punishing those who have done so." (*Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, 21.) "In 1992, out of concern over a 'disturbing increase' in these types of lawsuits, the Legislature enacted section 425.16, the anti-SLAPP statute." (*Ibid.*; see § 425.16, subd. (a).) Section 425.16, subdivision (b)(1), provides: "A cause

7

of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  The statute "posits . . . a two-step process for determining whether an action is a SLAPP." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88.)  First, the defendant bringing the special motion to strike must make a prima facie showing that the anti-SLAPP statute applies to the claims that are the subject of that motion.  (*Wilcox v. Superior Court*, *supra*, 27 Cal.App.4th at p. 819.)  Once a moving defendant has met its burden, the motion will be granted (and the claims stricken) unless the court determines that the plaintiff has established a probability of prevailing on the claim.  (*DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562, 567–568.)

In order to establish a probability of prevailing, a plaintiff must *substantiate* each element of the alleged cause of action through competent, admissible evidence.  (*DuPont Merck Pharmaceutical Co. v. Superior Court*, *supra*, 78 Cal.App.4th at p. 568; see also *Navellier v. Sletten*, *supra*, 29 Cal.4th at pp. 88–89 [reiterating that "'the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited"'"].)  "This requirement has been interpreted to mean that (1) when the trial court examines the plaintiff's affidavits filed in support of the plaintiff's *second step* burden, the court must consider whether

8

the plaintiff has presented sufficient evidence to establish a prima facie case on his causes of action, and (2) when the trial court considers the defendant's opposing affidavits, the court cannot weigh them against the plaintiff's affidavits, but must only decide whether the defendant's affidavits, as a matter of law, defeat the plaintiff's supporting evidence." (*Schroeder v. Irvine City Council* (2002) 97 Cal.App.4th 174, 184.) Only if the plaintiff fails to meet this burden should the motion be granted. (*Mattel, Inc. v. Luce, Forward, Hamilton & Scripps* (2002) 99 Cal.App.4th 1179, 1188–1189.)

III. *The trial court erroneously denied Phoebe's anti-SLAPP motion*

Duenas concedes that his complaint arose from protected activity and was therefore subject to the anti-SLAPP statute. Thus, the burden shifted to him to show, through competent, admissible evidence, a probability of success on the merits of his claim in order to defeat Phoebe's anti-SLAPP motion. (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821; *Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1496–1498.)

Duenas alleges one cause of action against Phoebe—he seeks to set aside the default judgment entered against him and in favor of Hyun on the grounds of extrinsic fraud. A final judgment may be set aside if obtained through extrinsic fraud. (*In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051, 1068.) "Failure to give notice of the action to the other party, or proceeding to obtain a judgment without the knowledge of the other party" constitutes an act of extrinsic fraud. (*Id*. at p. 1069; see also *Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1300 [extrinsic fraud occurs when a party has in some way fraudulently prevented another from presenting his claim or

defense]; *Carney v. Simmonds* (1957) 49 Cal.2d 84, 95 [an independent action attacking a judgment on the grounds of extrinsic fraud is allowed where it appears that there was a willful failure to give service or that willfully false affidavits of service were filed]; *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1226–1227 [a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute to establish personal jurisdiction is void].)

That is exactly what Duenas alleges and establishes here against Hyun. The problem for Duenas is that this appeal was filed by Phoebe. And, while Duenas's complaint alleges that Hyun engaged in acts of fraud in order to obtain his default judgment, and those allegations are supported by Duenas's declaration, there is no evidence concerning Phoebe. Duenas did not allege or set forth any evidence that she falsely filed a proof of service and/or falsely filed documents in order to obtain the default judgment. He does not allege or set forth any evidence that she hid the default judgment.

Accordingly, we conclude that Duenas did not establish a probability of prevailing on his claim against Phoebe. It follows that her anti-SLAPP motion should have been granted.

Because Hyun did not appeal the trial court's order, we need not address the substantive arguments raised in Phoebe's appellate briefs, including (1) whether this action actually is a claim for malicious prosecution and/or abuse of process, (2) whether Duenas is barred by the doctrine of collateral estoppel from defending the Parks' anti-SLAPP motion, and (3) whether the trial court had jurisdiction to rule on the motion.

## DISPOSITION

The trial court order denying Phoebe's anti-SLAPP motion is reversed. The matter is remanded to the trial court with directions to enter an order granting the anti-SLAPP motion as to Phoebe only. Phoebe is entitled to costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT