Filed 3/13/26  Ware v. Chasco CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ROBERT WARE, | B342673 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 23STCV08980) |
| v. | |
| SYLVIA CHASCO, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephanie M. Bowick, Judge.  Affirmed.

Robert Ware, in pro. per., for Plaintiff and Appellant.

Hausman & Sosa, Jeffrey M. Hausman and Larry D. Stratton, for Defendant and Respondent.

_____

Plaintiff and appellant Robert Ware filed a fraud action against defendant and respondent Sylvia Chasco, his former third level supervisor at the Department of Public Social Service (DPSS).  The trial court granted Chasco's special motion to strike the complaint under California's anti-SLAPP statute.  (Code Civ. Proc., § 425.16).[1]  Ware now appeals the trial court's order.  For the reasons discussed below, we conclude that Ware has not met his burden to show reversible error.  Therefore, we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.  Ware's lawsuit

Ware was an Eligibility Worker for DPSS until he resigned on October 31, 2019.  Chasco was Ware's "third level" supervisor.  Ware reported to his direct supervisor, who in turn reported to the Deputy District Director, who reported to Chasco.  Chasco retired on December 31, 2019.  In 2020, Ware applied for reinstatement of employment to his previous civil service position under Civil Service Rule 17.01A.[2]  This application triggered a

---

[1]      All subsequent undesignated statutory references are to the Code of Civil Procedure.

[2]      Rule 17.01A states:  "After approval by the director of personnel, any person who has been separated from county service without fault or delinquency may be reinstated by the appointing power within two years from the date of such separation, to any position held on an eligible basis prior to such separation, or to any other position to which a transfer, reassignment or voluntary reduction from that position would be authorized by these Rules. Within two years of the date of separation, former permanent employees may be reinstated to appropriate temporary or recurrent positions.  Also within two

statutory process to determine whether Ware was "without fault or delinquency" at the time he separated from county service. The DPSS Bureau of Human Resources investigated Ware's past employment and determined that he was ineligible for reinstatement. The Bureau of Human Resources based this determination on the fact that Ware was the subject of two "substantiated" investigations. The background check also revealed that Ware had violated DPSS's attendance standards.

### A. First substantiated investigation

The first substantiated investigation against Ware pertained to a 2016 County Policy of Equity ("CPOE") Section 5 complaint filed against Ware by a female coworker who informed a mandatory reporting supervisor that she did not like Ware touching her, and that he touched her again after she asked him not to. DPSS initially suspended Ware for three days for this conduct. Ware appealed the suspension, which was resolved through arbitration. The arbitrator disagreed with DPSS that Ware's actions violated the CPOE and reduced the suspension to a reprimand. The arbitrator nevertheless agreed that "[t]here was proper and just cause for County Management to reprimand Mr. Ware for his behavior, whether knowingly or unknowingly . . . ." Ware alleged that he requested to have the reprimand removed from his personnel record and stated that when he reviewed his official personnel record there was no record of any reprimand for an employee relations charge or any internal affairs charges. Accordingly, Ware alleged, any record of

years of the date of separation, former recurrent employees may be reinstated to appropriate temporary positions." (Civil Service Rule 17.01A)

3

this incident was in a "secret, false file used to conduct background review checks." Arnetta Counts, an administrative services manager at the Bureau of Human Resources and the director of Discipline Policy Litigation and Livescan stated in a declaration that "Ware's suspension letter was removed from his Master Personnel File after the Arbitration Award was issued. Nevertheless, the underlying investigation was still deemed 'substantiated' for purposes of the background check." Counts explained, "there are different files relating to an employee's employment that are treated differently. There is a difference between removal of discipline from a Master Personnel File and the retention of investigations in a CPOE file, whether or not the allegations are substantiated."

### B.     *Second substantiated investigation*

The second substantiated investigation against Ware related to a 2017 investigation into Ware's engagement in the outside practice of law during work hours. This was the second investigation against Ware for violating DPSS' outside employment policy; the first investigation was unsubstantiated. The second investigation was substantiated. Nevertheless, Ware was not disciplined because he had already been admonished verbally by his supervisor before he was transferred to a new work location.

### C.     *Violation of DPSS attendance standards*

Ware's background check also revealed that at the time of his separation in 2019, he had 96 hours of unauthorized absences from 2017 and 2018. Ware also had over 200 hours of absences using sick time and unauthorized absences. Chasco stated in her declaration that her staff conducted Ware's attendance review,

4

which she, as District Director, evaluated as part of her official duties. She stated that she was not specifically asked to make a recommendation on whether to reinstate Ware, and that the Bureau of Human Resources made the decision. Any statements she may have made relating to Ware's attendance were made in her official capacity, in discharge of her responsibilities as the District Director and Ware's third-level supervisor.

Based on the negative information disclosed during the background investigation, the Bureau of Human Resources denied Ware's request for reinstatement on December 14, 2020, and withdrew two contingent offers of employment. Ware unsuccessfully appealed both decisions to the Department of Human Resources.

On April 24, 2023, Ware filed a complaint alleging that despite performing his duties "competently and satisfactorily," DPSS made "fraudulent representations" as "a pretext for unlawful discrimination, harassment, and retaliation."[3] Ware further alleged that Chasco, in her capacity as a DPSS employee and "in a lust for revenge, discriminated and retaliated against Mr. Ware." Specifically, Ware alleged that Chasco: (1) engaged in fraudulent misrepresentation by making "specific and false representations as to [Ware's] attendance record"; (2) engaged in negligent misrepresentation by "negligently misrepresent[ing] to [Ware] he had a good attendance record"; and (3) engaged in

---

[3] Ware also filed three actions related to his employment: *Ware v. County of Los Angeles*, case No. 21STCV04765 (motion for summary judgment granted on August 8, 2023); *Ware v. County of Los Angeles*, case No. BC675757 (motion for summary judgment granted on February 9, 2019); *Ware v. Sahak*, case No. 22STCV10646 (demurrer entered December 6, 2023).

5

fraudulent concealment by "suppress[ing] or conceal[ing] the fact[ ] that [DPSS] maintained a secret personnel file that LA County used for [Ware's] background review check."

## II.    Defendant's special motion to strike

On May 10, 2024, Chasco filed a special motion to strike the entire complaint pursuant to section 425.16, and for $7,084.00 in attorney's fees. The motion asserted that Ware's claims arose out of protected conduct in furtherance of free speech, since Chasco's alleged representations were in connection with an official proceeding authorized by law. The motion further asserted that Ware could not demonstrate a probability of prevailing on the merits of his claims, since Chasco, as a public employee, was immune under Government Code sections 820.2, 818.8, and 821.6.

The trial court granted the motion. The trial court found that Ware's claims against Chasco were based on statements and writings made by her in her capacity as an employee of DPSS and in connection with internal proceedings, namely: (1) the investigations into [Ware's] grievance and background review for reinstatement; (2) the complaint initiated against [Ware] by the County Equity Oversight Panel; (3) the second investigation of Ware after his transfer to Skid Row for violations of the County's outside employment policy; and (4) Ware's " 'Complaint of Discrimination' " with the Department of Fair Employment and Housing in which he alleged that his October 11, 2016, transfer was in retaliation for participating in a protected activity and motivated by a perceived disability. Citing *Hansen v. Department of Corrections & Rehabilitation* (2008) 171 Cal.App.4th 1537, 1541, 1544–1545 (*Hansen*), the trial court agreed with Chasco that these proceedings constitute "official

6

proceeding[s] authorized by law" for purposes of section 425.16, subdivision (e)(1) and (2). The trial court further found that Ware's evidence did not conclusively establish that Chasco's statements and writings were illegal as a matter of law. Thus, the trial court found that Ware's claims against Chasco arose out of statements/writing made in connection with an issue under consideration or review by an official proceeding authorized by law and were subject to a special strike. Accordingly, the trial court found that Chasco sustained her first-prong burden.

Next, the trial court determined that Ware did not sustain his burden under prong two of the anti-SLAPP framework to demonstrate a probability of prevailing on the merits of his claims against Chasco. The trial court agreed with Chasco that she was immune from Ware's fraud claims pursuant to Government Code section 822.2. The court further found that although Ware argued that Chasco was not immune because she was guilty of actual fraud, corruption, or actual malice, he failed to provide any legal or factual support for this assertion, aside from his own allegations. The only evidence Ware filed in opposition to the motion to strike was his own declaration, which did not contain any competent and admissible evidence to conclude that Chasco was guilty of fraud. Thus, the trial court found that Ware could not sustain his burden to demonstrate a probability of prevailing on the merits, and struck the complaint pursuant to section 425.16.

The trial court also found that Ware failed to show that Chasco was not immune pursuant to Government Code section 820.2. Section 820.2 provides:

> "Except as otherwise provided by statute, a
> public employee is not liable for an injury

7

> resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

(Gov. Code, § 820.2.) The trial court found that all of Chasco's alleged unlawful conduct was the result of the exercise of discretion vested in her as DPSS personnel and as Ware's supervisor.

Next, the trial court found that Ware failed to set forth any competent evidence demonstrating that his allegations had any merit. Ware's only evidence—his own declaration—did not contain any competent evidence demonstrating that his fraud claims had any merit. The trial court found that this was another independent basis to strike the complaint.

Lastly, the trial court denied Ware's request for attorney's fees after finding that Chasco's motion to strike was not frivolous or solely intended to cause unnecessary delay, and granted Chasco's request for attorney's fees. Ware timely appealed.

## DISCUSSION[4]

## I. Legal framework and standard of review

Section 425.16, the anti-SLAPP statute provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

The Legislature enacted section 425.16 to prevent and deter "lawsuits brought primarily to chill the valid exercise of the

---

[4] Ware requests that we take judicial notice of three documents: (1) a reporter's transcript of testimony given by Wendy Ross on October 21, 2022, in Los Angeles Superior Court, case No. BC609911; (2) an investigation report from the Los Angeles County's Office of County Investigations, case No. 202218839; and (3) the investigation report of the County Equity Oversight Panel, case No. 2023-11876. Ware's request does not, however, include the last two documents as exhibits, and therefore we are unable to take judicial notice of them.

As to the two-page excerpt of a transcript of Ross's testimony from a separate case, Ware claims that this testimony "bears directly on Chasco's credibility in that Ross's testimony contradicts Chasco's declaration regarding the creation of Ware's attendance record from January 12, 2018 through January 31, 2018." In his declaration filed along with the request for judicial notice, Ware further alleges that "Ross'[s] testimony is offered to show the inconsistency with practice and policy in the way Chasco created Ware's attendance record." Ware fails to state what Ross's position is at DPSS, or explain how her testimony allegedly undermines Chasco's credibility or contradicts Chasco's declaration regarding the creation of attendance records. As

9

constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a).) The purpose of the anti-SLAPP law is "not [to] insulate defendants from *any* liability for claims arising from the protected rights of petition or speech. It only provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384.) To accomplish this purpose, the Legislature expressly specifies that section 425.16 "be construed broadly." (§ 425.16, subd. (a).)

Section 425.16, subdivision (e), describes four categories of conduct " ' "in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" ' " which are protected by the anti-SLAPP statute. (*Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 620.) These include "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection

---

such, we find that this document is not relevant to our analysis and deny Ware's request for judicial notice. (*Grosz v. California Dept. of Tax & Fee Administration* (2023) 87 Cal.App.5th 428, 447, fn. 12 [appellate courts will not take judicial notice of matters irrelevant to the dispositive point on appeal].)

with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

The resolution of a special motion to strike under section 425.16 involves two steps.  First, the trial court must determine "whether the plaintiff's claims arise from protected activity." (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*).)  A claim arises from protected activity "when that activity underlies or forms the basis for the claim."  (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1062.)  At this stage, it is the defendant's burden "to identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity." (*Bonni,* at p. 1009.)

If the defendant demonstrates the claims arise from protected activity, the plaintiff must then demonstrate the claims have arguable merit.  (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884.)  "To do so, the plaintiff must show the complaint is legally sufficient and ' " 'supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' " ' (*Taheri Law Group v. Evans* (2008) 160 Cal.App.4th 482, 488.)

We review an order granting an anti-SLAPP motion de novo.  (*Billauer v. Escobar-Eck* (2023) 88 Cal.App.5th 953, 962.) "Even though our standard of review is de novo, an appellant 'still bears the " 'burden of affirmatively demonstrating error.' " [Citations.]' " (*Luo v. Volokh* (2024) 102 Cal.App.5th 1312, 1322.)

11

## II. Ware fails to show reversible error in the trial court's conclusion that Chasco's statements and writings were protected by section 425.16

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) We conclude that Ware fails to meet that burden.

First, Ware fails to show reversible error in the trial court's findings that his claims against Chasco were based on statements and writings she made in her capacity as an employee of DPSS and in connection with "official proceedings authorized by law" for purposes of section 425.16, subdivision (e)(1) and (2). The conduct underlying Ware's allegations—that Chasco was involved in various schemes related to a "secret personnel file," an "internal affairs investigation," and a "letter of reprimand"—all arise from internal DPSS proceedings. (See *Hansen*, *supra*, 171 Cal.App.4th at p. 1544 [California Department of Corrections and Rehabilitation "internal investigation [into employee misconduct] itself was an official proceeding authorized by law" and "communications preparatory to or in anticipation of the bringing of an official proceeding are within the protection of section 425.16"].) Moreover, in his original complaint, Ware conceded that Chasco's statements about his attendance were made "[i]n connection with [his] applications for positions," which further supports the trial court's conclusion that Chasco's statements were made "in connection" with an official proceeding. Ware fails to demonstrate through citations to the record or relevant legal

authority that the various internal proceedings he objects to were not "official proceedings authorized by law" under the statute. (See *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655 [an appellant must present "legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited"].)  Ware also claims that Chasco made false statements that his attendance was rated "competent," but does not support this claim with citations to the record.  It is not our responsibility to search the appellate record for facts, or to conduct legal research in search of authority to support a party's contentions on appeal.  (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768 ["[I]t is counsel's duty to point out portions of the record that support the position taken on appeal . . . ."].)  Moreover, Ware, as a self-represented party, is "not exempt from the foregoing rules" and " 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' "  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)  In short, Ware has not shown that the trial court erred in concluding that Chasco's conduct and statements, as alleged in the complaint, arise from protected activity.

Ware also fails to show reversible error with respect to the trial court's finding that his evidence did not conclusively establish that Chasco's statements and writings were illegal as a matter of law.  The Supreme Court has created a very narrow exception to the application of the anti-SLAPP statute "where either the defendant concedes the illegality of its conduct or the illegality is conclusively shown by the evidence."  (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 316.)  Chasco has not conceded that

13

her activity was illegal; on the contrary, in her declaration she disputed the allegations of illegal conduct. Further, the trial court found that Ware's evidence did not conclusively establish that Chasco fraudulently or negligently recorded or misrepresented Ware's attendance, or that Chasco or DPSS maintained a secret personnel file and fraudulently concealed that file. We conclude that Ware fails to show reversible error in these findings, since he fails to submit any evidence, aside from his own statements, to support his allegations. (*Greshko v. County of Los Angeles* (1987) 194 Cal.App.3d 822, 834 ["Affidavits or declarations setting forth only conclusions, opinions or ultimate facts" are insufficient as evidence of the fact sought to be proved].)

## III. Ware fails to demonstrate reversible error in the trial court's finding that he failed to demonstrate a probability of prevailing on his claim

"Once the court determines the first prong of the statute has been met, a plaintiff must provide the court with sufficient *evidence* to permit the court to determine whether 'there is a probability that the plaintiff will prevail on the claim.' (§ 425.16, subd. (b)(1).)" (*DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562, 568, italics added.) To satisfy that burden, a plaintiff must show that his claims have "minimal merit." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.) We conclude that Ware fails to show that the trial court erred in concluding that he did not carry that burden.

First, Ware fails to show error in the trial court's determination that Chasco, as a public employee acting in the scope of her employment, is immune from liability under Government Code section 822.2. That section provides: "A public

14

employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice." (Gov. Code, § 822.2.) The trial court found that Ware's causes of action for fraudulent misrepresentation and fraudulent concealment of facts were covered by this immunity, and further, that Ware failed to demonstrate Chasco was "guilty of actual fraud, corruption, or actual malice." In his opening brief, Ware repeats his previous allegation that Chasco is not immune since she is guilty of actual fraud, corruption, and actual malice, but he cites no legal authority and proffers no facts to support his allegations. Rather, Ware's only evidence is his own statements, which merely repeat the allegations of the complaint and state the ultimate facts he needed to prove. Ware's unsupported and "conclusory allegations of corruption or malice [are not] sufficient to bring a fraud action within the exception of Government Code section 822.2." (*Curcini v. County of Alameda* (2008) 164 Cal.App.4th 629, 649.)

Second, Ware fails to show reversible error in the trial court's finding that Chasco is also immune pursuant to Government Code section 820.2. This section provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." (Gov. Code, § 820.2.) The trial court found that Chasco's alleged unlawful conduct was the result of the exercise of discretion vested in her as DPSS personnel and Ware's supervisor. This finding is supported by precedent, since a civil service employee's decision

15

to investigate allegations of misconduct, institute disciplinary proceedings, and decide what discipline to impose involve the exercise of discretion entitling him or her to immunity under Government Code section 820.2. (*Kemmerer v. County of Fresno* (1988) 200 Cal.App.3d 1426, 1438, disapproved in part on another ground in *Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798.) Ware fails to show reversible error in this finding as well. Instead, he simply repeats his prior assertions that Chasco's actions were ministerial and not protected as discretionary acts. The trial court found that Ware "failed to provide any legal or factual support" for this assertion. On appeal, he still fails to do so.

## IV. Ware fails to demonstrate error in the trial court's finding that he failed to demonstrate a likelihood of success

To overcome an anti-SLAPP motion, "the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' " (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 291; see also *HMS Capital, Inc. v. Lawyers Title Co.* (2004) 118 Cal.App.4th 204, 212 ["In opposing an anti-SLAPP motion, the plaintiff cannot rely on the allegations of the complaint, but must produce evidence that would be admissible at trial"].)

In his opening brief, Ware does not challenge the trial court's finding that notwithstanding immunity, he failed to set forth any competent evidence demonstrating his allegations had any merit. It is well established that failure to raise an issue in an opening brief forfeits the issue. (*Aptos Council v. County of*

*Santa Cruz* (2017) 10 Cal.App.5th 266, 296, fn. 7 [Any issue an appellant does not raise in the opening brief is deemed forfeited]; *Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 554–555 [" 'Even when our review on appeal "is de novo, it is limited to issues which have been adequately raised and supported in [the appellant's opening] brief. [Citations.] Issues not raised in an appellant's brief are deemed waived or abandoned." ' "].)

Construing Ware's argument in his opening brief that he stated a claim for fraud as a challenge to the trial court's finding on this issue, we conclude that Ware still failed to show a likelihood of prevailing on the merits of his case. As the trial court repeatedly emphasized, the record is devoid of evidence or legal authority supporting Ware's allegations and contentions. Accordingly, Ware does not demonstrate reversible error in the trial court's determination that he failed to show that his claims have "minimal merit." (*Bonni*, *supra*, 11 Cal.5th at p. 1009 ["[F]or each claim that does arise from protected activity, the plaintiff must show the claim has 'at least "minimal merit." ' "].)

## DISPOSITION

The order granting defendant's special motion to strike is affirmed.  Chasco is awarded her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HANASONO, J.


We concur:


EGERTON, Acting P. J.


ADAMS, J.